The Southern Express Co. *vs.* Lynch.

---

THE SOUTHERN EXPRESS COMPANY *vs.* LYNCH.

1. Where in bail-trover, by election of the plaintiff, the jury returned an alternative verdict for a specified amount of money, to be discharged by the delivery of property within twenty days, and the defendant failed to deliver it within such time, the verdict became absolute for money. Therefore. further imprisonment under the bail process would be for a debt, and hence unconstitutional.

2. Where a defendant in bail-trover, after the expiration of the time

The Southern Express Co. *vs.* Lynch.

allowed by the alternative verdict against him for the delivery of the property, moved the court—not by suing out a writ of *habeas corpus*, but by mere petition—to be discharged, and an order was thereupon passed discharging him, to which plaintiff excepted, the court should have granted a *supersedeas* to such order until the final determination of the question, taking such bond and prescribing such terms as the nature of the case might require.

3. The proper remedy for one who is illegally imprisoned, with or without any form of law, is by *habeas corpus*. We are not aware of any law or usage of our courts which, after final judgment, authorizes the superior court to discharge a person from imprisonment by any other proceeding.

Trover. Verdict. Constitutional law. *Supersedeas.* Practice in the Superior Court. *Habeas corpus.* Before Judge SNEAD. Richmond Superior Court. October Term, 1879.

Reported in the decision.

F. H. MILLER; J. S. & W. T. DAVIDSON, for plaintiff in error.

H. CLAY FOSTER, for defendant.

JACKSON, Justice.

The defendant in error was sued by the Express Company in trover, to recover a package of money entrusted to him as its agent, and bail was required under section 3418 *et seq.* of our Code, and failing to give security or to deliver the package sued for, he was committed to jail. At the trial term of the cause, the plaintiff elected to take an alternative verdict, which was rendered for the sum of twenty-five thousand dollars, to be discharged on the delivery of the package within twenty days from the date of the verdict. The package was not delivered within that time, and thereupon the defendant petitioned the court, during the same term, for his discharge, on the ground that he was in prison for debt contrary to the

constitution of the state, which declares in the xxi para-graph of the first article thereof that "there shall be no imprisonment for debt in this state." The court dis-charged him from imprisonment, and the plaintiff excepted, making three points for our adjudication. First, that the defendant, under the facts made in the record, was not entitled to be discharged; secondly, that the plaintiff, on bringing the case to this court, was entitled to a *superse-deas* until the hearing here; and thirdly, that if entitled to his discharge at all the remedy is by writ of *habeas corpus*, and that the court on mere motion or petition did not have the legal authority or use the proper remedy to discharge the defendant.

1. Was the defendant imprisoned for *a debt*, when he was discharged? If so, he was entitled by the funda-mental law of the state to his discharge from such im-prisonment, for the reason that the fundamental law de-clares that nobody shall be held in prison for a debt.

Under section 3564 of the Code the plaintiff may say "whether he will accept an alternative verdict for the property or its value, or whether he will demand a verdict for the damages alone, or for the property alone, and its hire, if any; and it shall be the duty of the court to in-struct the jury to render the verdict as the plaintiff may thus elect." The plaintiff elected the alternative verdict and got it; what did the plaintiff get? A property ver-dict, if the defendant saw fit to discharge it by a surrender of the package in twenty days he undoubtedly got; but at the end of twenty days what remained to the plaintiff? Unquestionably nothing but a verdict for twenty-five thousand dollars, or a debt for that sum in the form of a judgment for damages to that amount. Now, if the ver-dict had been for the package alone, we are clear that under the principle ruled in the case of *Harris vs. Bridges*, 57 *Ga.*, 407, the verdict being for property alone, would not be a debt of any sort so as to come within the con stitutional prohibition of imprisonment for debt; and

under the judgment pronounced in that case by this court, this defendant would not have been entitled to his discharge. For it would be absurd to hold a man by *mesne* process in jail for the purpose of recovering from him another's *property*, and then turn him out the moment final judgment *for that property* had been obtained. To hold such a principle would be to plant and grow the tree that its "fruits might turn to ashes on the lips."

But this verdict is not for the property. It was not for the property—the package—after twenty days. The defendant could not pay the verdict after twenty days with the package. The judgment became a debt of record—a lien, binding on all his property for twenty-five thousand dollars, and all he owned could be seized and sold to pay it. Under section 3079 of our Code, it would have a prior lien on this package, if ever found, so as to levy upon it, over all other judgments or liens against the defendant; but it would also have a lien on all the rest of the defendant's property from its date; and that lien could be divested and discharged by nothing short of the payment of every cent, principal and interest.

It seems clear, then, that this verdict authorized a judgment, following its terms, for that sum of money, and when entered, the verdict became a judgment for money, or the highest form of debt known to the law.

This verdict was accepted by the company when it chose to take it in that alternative form, by the express language of section 3564 of the Code; for it was to say "whether he (would) will accept" such a verdict; and then and there it said that it would, and thereby it did accept it. And defendant's right to be relieved from prison became perfect twenty days after the return of the verdict, whether judgment was entered up thereon immediately or not; because the verdict only gave him twenty days to pay it with the package; after that time he could only pay it with money—lawful money—just as any other debt he owed. And whenever entered, the judgment could not add to or change the verdict in any respect.

2. The next point made by the plaintiff below, and in error here, is, that it had the legal right to demand a writ of *supersedeas*, or an order to suspend the discharge of the defendant until the case could be reviewed by this court, and that the superior court should, on signing the bill of exceptions, have granted it such writ or order. If it had been a proceeding by *habeas corpus*, this court has held that the company, the plaintiff in error, would not be entitled to such a writ or order, 34 *Ga.*, 101. But it was not a proceeding by writ of *habeas corpus*, which the judge of the superior court may grant to bring any prisoner before him, to inquire into the legality of his confinement, but a proceeding in court unauthorized. so far as we are informed, by any statute of this state, or by the statute law of England or its common-law in force here; and on a writ of error to such a judgment, why should not a *supersedeas* be predicated? It is true that there is no express provision by statute in regard to the terms on which it should be granted, what bond or oath would be required; but by section 247 of the Code, the judge of the superior court is empowered to grant the writ of *supersedeas*, just as he is the writs of *quo warranto, certiorari, mandamus*, etc., etc.; and by section 3639 "the judge of any superior court may frame and cause to be issued by the clerk, any writ of execution to carry into effect any lawful judgment or decree rendered in his court." And if it be said that the latter section applies particularly to final executory writs, yet by the third and sixth subdivisions of section 247, it will be seen that the powers of the judges are very comprehensive, and the general principle is that for every right a remedy may be framed. We hold, therefore, that the plaintiff in error was entitled to supersede the judgment on such terms and conditions as the court should prescribe. It offered bond and security for costs and any sum fixed by the court for damages which the defendant might sustain and recover.

3. We also hold that the remedy to discharge a person

held illegally in custody under any form of law or without law is as old as the foundations of English liberty. It is the writ of *habeas corpus*. .The judges of the superior courts are empowered to grant the writ, and this is the remedy whenever a person illegally deprived of liberty seeks immediate discharge. We are not aware of any law or usage of our courts, which, after final judgment, authorizes the superior court, as a court, to discharge a person from imprisonment by any other remedy than this old writ of *habeas corpus*, and then the judge sits as a *habeas corpus* court and not as the superior court. That remedy is complete, and it had better be adhered to.

Whilst therefore we are of the opinion that the defendant in error was entitled to be discharged from prison because he was confined there for a debt, we think that the remedy prescribed by law was not followed, and that the judgment should have been superseded until the cause could have been reviewed here, and therefore the judgment is reversed.

Judgment reversed.