## GUSTOSO CIGAR MANUFACTURING CO. v. RAY.

1. Where a defendant in bail-trover proceedings has been discharged under the Civil Code, § 4608, the order of discharge can only be superseded by the plaintiff giving bond and complying with such other conditions as may be properly imposed.
2. The evidence as to the defendant's inability to give the bond or produce the property, while conflicting, was sufficient to sustain the order of discharge.

Submitted March 24, — Decided April 8, 1903.

Petition for discharge from custody.   Before Judge Griffin. City court of Valdosta.   November 28, 1902.

The Gustoso Cigar Manufacturing Company instituted bail-trover proceedings in the city court of Valdosta, against Ray.   The defendant was taken into custody by the sheriff, and applied for a discharge under the Civil Code, § 4608.   After hearing the evidence the judge passed the following order: "Upon satisfactory evidence being adduced that the movant in the foregoing petition can not produce the goods mentioned therein, nor give the bond and security required by law, and satisfactory reasons for the nonproduction of said goods being shown the court, it is hereby ordered and adjudged that the movant, J. H. Ray, be and he is hereby discharged from custody."   Plaintiff having moved the judge to grant a supersedeas order, the following order was granted : "The petition for discharge before W. H. Griffin, judge of said court, . . coming on for a hearing this day, the 28th day of November, 1902, after hearing the evidence in said case the judge having ordered that the defendant, J. H. Ray, be discharged from custody upon his own recognizance, and the plaintiff having applied for a supersedeas order till said judgment could be reviewed by the Supreme Court, it is ordered that the order for the discharge of the defendant, J. H. Ray, be not executed till said case is passed upon by the Supreme Court, and that in the meantime the defendant be committed to jail; from hence he may be discharged upon his entering into good and sufficient bond in the sum of seven hundred dollars, conditioned for his appearance to answer and abide the judgment of the court."   There was evidence that the defendant had sold the goods before the suit was filed; that he was worth about $500; that he had tried to give the bond and could not; that he had sent a man with the bond to friends to get them to sign it,

but they would not; that he did not know any friend who would go on such a bond for $1,100, as he could not make them secure; that most of his property was under mortgage; that he had $6,000 Mexican bonds subject to a mortgage of $1,500; that he had got rid of his other property since giving it in for taxes; that he would take $750 for what was left of the property included in his last tax return, which was $11,875.    There was a conflict as to whether the cigars had been sold outright or only shipped on consignment. In compliance with the last order above set out the defendant gave a bond of $700, for his appearance " to answer such decree and judgment of the Supreme Court and of the .. city court as " might be decreed against him " touching the premises."    The plaintiff in error excepts to the order of discharge, and to so much of the supersedeas order as allowed the defendant to give a $700 bond, insisting that defendant should have remained in custody till the termination of the case.

*G. A. Whitaker*, for plaintiff in error.

LAMAR, J.    The cigar company insists that, notwithstanding the order of discharge, the court should have granted a supersedeas and remanded the defendant to the custody of the sheriff until the termination of the case in this court.    The policy of the law is against allowing the status to be changed until the final termination of a case in the court of last resort, and notice of certiorari, appeal bonds, counter-affidavits and bonds, filing bills of exception under the Civil Code, § 5552, perform the office of a supersedeas without the intervention of the judge.    Under the Civil Code, § 4925 the chancellor is expressly authorized, in injunction cases, to grant such order and require such bond as may be necessary to preserve and protect the rights of the parties until final judment.    A supersedeas is either a matter of statutory right, or vested in the discretion of the judge of the superior court under the Civil Code, § 4321.    There may be instances in which it would be necessary to mold and frame the order of supersedeas so as to meet the exigencies of the case, the general principle being that the losing party has the right, on giving bond and security, to maintain the status until the return of the remittitur from the Supreme Court.    But it is the losing party who must act in order to prevent the judgment from being carried into effect.    When the court found that the defendant was entitled to his discharge, that judgment was conclusive until re-

versed, and should have been enforced unless superseded.　There was no reason for requiring the defendant, who had secured an absolute order of discharge, to give bond in order to take advantage of the judgment in his own favor.　If the cigar company had immediately given notice of its intention to present a bill of exceptions and asked for time to supersede the order, the court would have allowed time in which to file the same (*Lindsey* v. *Lindsey*, 14 *Ga.* 660 (3); *Holcomb* v. *Roberts*, 19 *Ga.* 590; *Crawford* v. *Ross*, 39 *Ga.* 44), and the question would then have been raised as to what should be the terms and conditions of a supersedeas in bail-trover; whether the writ must be molded, whether only a judge of the superior court could grant the same, or whether Civil Code, § 5552, applies.　*Marks* v. *Hertz*, 65 *Ga.* 119; *Southern Express Co.* v. *Lynch*, 65 *Ga.* 240; *Lindsey* v. *Lindsey*, 14 *Ga.* 661; *Irwin* v. *Jackson*, 34 *Ga.* 101.　But there was no offer on the part of the cigar company to give bond for damages, as in the *Lynch* case, or even to comply with section 5552; and the order of the judge suspending the discharge unless the defendant would give a bond for $700 was quite as much as the company had the right to ask.

The evidence as to the defendant's ability to give bond was conflicting, but there was enough to sustain the finding; and the judgment is　　　　　　　　　　　*Affirmed.　By five Justices.*