## MASSACHUSETTS BONDING & INSURANCE COMPANY
## *v.* REALTY TRUST COMPANY *et al.*

## REALTY TRUST COMPANY *v.* CLAYTON *et al.*

1. Where, in an equitable action, a judgment was rendered which was conceded to be final in its nature as to some of the parties, though the case was held open for further action, and a party which was interested in the result of such decree excepted thereto, and also to the overruling of a motion to dismiss it from the case, a motion to dismiss the writ of error, on the ground·that the case was prematurely brought to this court, will be overruled.
2. Where an equitable proceeding was filed against several defendants, and one of them demurred thereto generally and because there was a misjoinder of parties and causes of action, and, upon the overruling of such demurrer, excepted and brought the question so raised to this court for review, leaving the case still pending in the superior court, the filing of such a bill of exceptions and of a bond payable to the plaintiff, conditioned to pay the eventual condemnation-money and all future costs, did not of ·itself operate to stay further proceedings in the trial ᐧcourt.  The presiding judge, in the exercise of a sound discretion, could have delayed further proceedings until the decision of this court was rendered, or he could have caused the case to proceed, subject to such results as might follow from the decision which this court might render on the exception to the overruling of the demurrer of such party.
3. Section 5127 of the Civil Code authorizes the judge of the superior court, in an equitable action, if the case shall require it, to refer any part of the facts to an auditor.
4. But where the ground on which a defendant is held as a party, in spite of a demurrer interposed by him, is that there is a common interest in certain questions, and that they should be determined in one action as to all parties, so as to save a multiplicity of suits, the

statute does not contemplate that such questions may be segregated and passed on only as between other parties than the demurrant, and without opportunity for him to be heard, although his exception to the overruling of a demurrer is pending in this court.

5. While the bill of exceptions of the bonding company, complaining of the refusal to sustain its demurrer, was pending in this court, a part of the case, including the question of the validity of liens claimed by certain persons, having been referred to an auditor, and the bonding company having declined to participate in the proceedings before him, and, after affirmance of the judgment overruling the demurrer, having moved for an order for an enlargement of the reference to the auditor, and then having withdrawn the motion (the motion to withdraw stating that it was "without prejudice"), there was no error in overruling a motion, made after the auditor's report had been filed, to recommit the case to him, or a motion to declare the entire proceeding before the auditor to be a mere nullity.

(a) The order of reference to the auditor of issues other than those "arising directly between the petitioner and the defendant, the Massachusetts Bonding & Insurance Company," is not construed as an attempt to refer the question of the existence of liens to be determined as between some parties to the case, but so as not to have any effect upon other parties interested in the same subject-matter; but such reference is construed as reserving the direct issue of liability over, as between the plaintiff and the bonding company, the surety of the contractor.

6. A part of the case involving the existence and validity of liens in favor of claimants thereof having been referred to the auditor, and the bonding company having an interest in the result of the determination of that question, it was entitled to appear and be heard in regard thereto. And although it declined to participate in the proceedings before the auditor, and therefore could not except to such interlocutory rulings by him as to the admission or rejection of evidence, as to which it raised no question and invoked no ruling by him, yet it was entitled to file exceptions to the auditor's report on the ground that his final findings of fact or of law (other than as above stated) were erroneous and injurious to it. It was accordingly error to dismiss as a whole exceptions so filed, without passing upon their merits, on the ground that such party had no right to file them.

7. By section 5148 of the Civil Code it is declared that the fees of an auditor shall not exceed $1,000. An agreement by some of the parties to a case that the auditor shall have a fee in excess of that amount can not affect the rights of another party to the case who does not so agree.

(a) An order having been passed purporting to be a consent order, but which in fact was not assented to by one of the parties, fixing the amount of the auditor's fee at a sum in excess of the amount provided by the statute, and reserving the taxation of the fee as costs "as between the parties hereto," it would seem that the intention was not to include in or affect by such order the party who did not consent. But that it may be made clear that such party shall not be affected thereby, direction is given that the order shall be so amended as to expressly

declare that it in no way adjudicates or affects any rights of that party, and that its status remains as if no such order had been passed.

8. The case of the Realty Trust Company v. Clayton et al. is so interwoven and connected with that which has been determined by the preceding headnotes, that it is impracticable to deal with it as if it were an independent and disconnected litigation. The Realty Trust Company filed exceptions to the auditor's report, and also objected to the court's proceeding to a final decree as against it without determining the exceptions filed by the bonding company, but the case proceeded in that manner nevertheless. It was not ripe for such final decree to be entered.

(a) Direction is given accordingly, that the decree entered be set aside, and also the order overruling the exceptions of the Realty Trust Company; that the case be reheard upon the exceptions to the auditor's report filed by that company, and also by the bonding company; and that proceedings be had in accordance with the statute.

DECEMBER 10, 1912.  REHEARING DENIED JANUARY 25, 1913

Equitable petition. Before Judge Pendleton. Fulton superior court. June 27, 28, 1912.

The Realty Trust Company filed a petition against H. L. Stevens, the Massachusetts Bonding & Insurance Company, and a number of other defendants, alleging, among others, the following facts: Stevens contracted to erect a building for the plaintiff for the sum of $160,000. The Massachusetts Bonding & Insurance Company became surety on his bond for the faithful performance of the contract. Under the contract, monthly payments were made to the contractor, on certificates of the architect, until it was ascertained that the amount of an estimate for a certain month, added to what had already been paid, would exceed the entire contract price, of which only $13,748.71 remained unpaid. This balance was paid, but a part of the work remained unfinished, which will require about $15,000 to complete. A number of persons who have subcontracts under Stevens decline to proceed with the work, claiming that he has failed and refused to pay them for what has already been done, and the work is at a standstill. Plaintiff notified Stevens and the surety on his bond, and urged that the work be completed, but this has not been done. Stevens is absent from the State, and has refused to return. He practically abandoned the work, having only one or two men working on the building, and only making a pretense of continuing the work. Plaintiff is informed that the proceeds of the last payment above mentioned were not used by Stevens in making payments to subcontractors on account of whose labor and material the money had been drawn

by him, under the contract. His surety was notified, but would take no action. Various subcontractors were persistent in their demands for payment, and threatened to file liens against the plaintiff's property. Plaintiff was forced to undertake the completion of the work, and is proceeding therewith. It has been compelled to pay out large sums of money to various subcontractors for that purpose, and will be forced to expend other large sums. Stevens and his surety are jointly and severally liable to the plaintiff in the sum of $50,000. Unless all parties at interest are brought into one suit, a multiplicity of suits will follow; the subcontractors will file their liens and prosecute numerous actions thereon. Plaintiff contends that none of the claims are enforceable against its property, because it has paid the entire contract price; and that if any of them could be enforced, it would be only to participate in such balance as might be found due. The plaintiff prays for an injunction against the various claimants of liens, restraining them from instituting any separate action; that they be required to assert their claims in this case; that an auditor be appointed; that if it should be found that the plaintiff is indebted in any amount on account of the work done, it be allowed to pay such sum into court, to be distributed under the order of the court; that plaintiff recover judgment against Stevens and his surety; that the rights of all parties respecting the subject-matter be adjudged in this case; and for general relief and process.

Claimants of liens filed cross-petitions, seeking to foreclose such liens. The bonding company filed a demurrer on various grounds, setting up that there was no cause of action against it, and that there was a misjoinder of parties and causes of action. This demurrer was overruled, and the bonding company excepted. The judgment was affirmed. 137 *Ga.* 693 (73 S. E. 1053). In excepting, the company filed a bond payable to the plaintiff, conditioned to pay the eventual condemnation-money and all future costs. While this bill of exceptions was pending in the Supreme Court, the judge of the superior court passed an order that the cause and all pleadings therein, including cross-petitions, be referred to an auditor for investigation and report "upon all the issues of law and fact therein involved, except those arising directly between the petitioner and the defendant Massachusetts Bonding and Insurance Company (a supersedeas having been granted to

this defendant), arising either upon the original and amended petition or the cross-petitions."

In the bill of exceptions filed by the Realty Trust Company, as stated below, it is recited that the Massachusetts Bonding and Insurance Company declined to participate in the hearing before the auditor, because of the pendency of its writ of error assigning error in the overruling of its demurrer to the petition. Before the auditor filed a report, the judgment overruling the demurrer was affirmed. The bonding company moved that the order of reference be so enlarged as to include the issues not referred in the former order, and to direct the auditor to report on the entire case. Objection was made to this, and the bonding company withdrew the motion. After the auditor had filed his report, the bonding company made a motion that it be disregarded, stricken from the files, and declared to be a nullity. This was overruled. It also filed a motion to recommit the case. This was likewise overruled. It then moved that it be stricken as a party and be dismissed from the case. This was overruled. It then filed exceptions of law and fact to the auditor's report. On motion these were stricken, without considering them on the merits, on the ground that the bonding company was not a party in interest as to the auditor's report, and had no right to except thereto. Exceptions to the report were filed by the Realty Trust Company. These were overruled. Objection was made to the court's entering a final decree, on the ground that the case was not ripe therefor, because the issues between the parties had not been fully heard and determined, and because the bonding company had not been heard. The court nevertheless entered a decree. In it the auditor's report was confirmed and made the judgment and decree of the court, certain liens were declared and decreed to be foreclosed, and direction was given in regard to a bond which had been taken in lieu of a receivership, and which need not be here set out. It was recited that the decree, being an adjudication only of the issues between the Realty Trust Company and the lienors, and the issues arising between that company and the bonding company not yet having been determined, "the case remains open for such further proceedings, orders, judgments and decrees as may be needful and proper to dispose of such issues." The Realty Trust Company and the bonding company each excepted.

*Wimbish & Ellis,* for Realty Trust Company.

*Dodd & Dodd* and *Little & Powell,* for Massachusetts Company.

*Moore & Pomeroy, J. S. Slicer, V. B. Moore, Leonard Haas, Smith, Hammond & Smith, G. C. Middlebrooks, J. A. Boykin, C. W. Smith, Payne & Jones,* and *E. A. Neely,* for other parties.

LUMPKIN, J. In the same case two bills of exceptions were filed, one by the Massachusetts Bonding and Insurance Company and one by the Realty Trust Company. Both grew out of the same litigation, each involves certain questions which are common to both, and the two are so correlated that they can not be properly decided separately. We therefore deal with them together.

1. In the case of the Massachusetts Bonding and Insurance Company against the Realty Trust Company et al., a motion was made to dismiss the writ of error, on the grounds, that it was prematurely brought, it appearing that the case is still pending in the court below; that the bill of exceptions contains no assignment of error on any final judgment in the court below rendered against the plaintiff in error; that it appears that there was in fact no final judgment or disposition of the case below as against the plaintiff in error; and that, as to the assignment of error upon the court's overruling the motion of the plaintiff in error to be dismissed from the case as a party defendant, this has already been passed upon and is res adjudicata. Assuming that the decree rendered was so far final as to some part of the case as to fall within the ruling in *Booth* v. *State,* 131 *Ga.* 750, 754 (63 S. E. 502), and *Moody* v. *Muscogee Manufacturing Company,* 134 *Ga.* 721 (68 S. E. 604, 20 Ann. Cas. 301), the plaintiff in error excepted thereto; and, as will more fully appear hereafter, it had a vital interest in the questions adjudicated by that decree. Moreover, exception was taken to the refusal of the court to dismiss the bonding company from the case as a party defendant, not simply on the ground that there was an original misjoinder of parties, but because of the procedure which had taken place and the manner in which the decree had been entered. This furnished a sufficient basis for exception and the bringing of the case to this court. Civil Code, § 6138. The contention that the point was controlled by the former adjudication, or, in other words, that the exception was not meritorious, does not furnish ground for dismissing a writ of error in this State.

2.  Counsel for the bonding company contended that when it brought to this court by bill of exceptions the overruling of its demurrer, and filed a bond conditioned to pay the Realty Trust Company "the eventual condemnation-money," this operated as a supersedeas, and prevented further proceedings as to the bonding company while its writ of error was pending, and that counsel for other parties could leave it aside and proceed with the case as to other parties, without it.  This view was an error.  By the act establishing the Supreme Court provision was made for excepting to judgments and decisions of the superior court.  There was nothing in it which in terms referred to excepting to the overruling·of motions to dismiss, demurrers, or the like, and obtaining a stay of proceedings.  The provision of the act and its amendments in reference to a supersedeas, which are embodied in the Civil Code, § 6165, apparently refer to cases where a judgment has been rendered in favor of one party against the other, such as a money judgment, a judgment for the recovery of property, for specific performance, or some other judgment determining the case, or where there is an execution which may proceed against property.  The provision for giving a bond conditioned to pay "the eventual condemnation-money and all subsequent costs" indicates this general intention, although in some cases the "eventual condemnation-money" may extend no further than costs.  So likewise does the provision, that, upon an affirmance of the judgment, it shall or may be lawful for the party gaining the case in the Supreme Court to enter up judgment against the principal and his sureties on the bond, in the same manner as judgments are entered on appeal bonds or a bond given for a stay of execution.  The language employed seems inapplicable to a case where a demurrer is overruled and exception is taken to that ruling.  No judgment has been rendered which can proceed to enforcement against the demurring party, except probably for costs payable at once.  Perhaps a bond or pauper affidavit may operate to prevent a proceeding by execution to collect costs; but there is no reason to believe that the legislature intended that this should operate as a supersedeas in the sense of staying further progress in the case until the hearing of the exception to the overruling of the demurrer.  It has been held that if a bond be given in such a case, and the judgment be affirmed, no judgment can be entered on the bond for what may be eventually

recovered in the case, but only for costs. *Franklin* v. *Kriegshaber,* 114 *Ga.* 947 (41 S. E. 47).

In the Code of 1863 appeared, in addition to the statement that no cause shall be brought to the Supreme Court so long as the same is pending in the court below, the expression "unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause." By the act of 1891 (Civil Code, § 6138) the words, "or final as to some material party thereto," were added. Thus the general rule that a case can only be carried to a reviewing court by bill of exceptions after final judgment is modified by allowing one who files a demurrer or makes a motion to dismiss, or invokes other action which would terminate the case in whole or as to some material party thereto, to except to a denial of such motion or the overruling of the demurrer. He may file a bill of exceptions pendente lite, and except when the case is finally terminated, or, if he prefers, he may except directly, although the case is still pending in the trial court. In the latter event the court is not compelled to stay the further progress of the cause, and await the determination of the question thus permitted to be carried up. He may do so in his discretion, but it is not a matter of right on the part of the excepting party to have it done; and if the case proceeds pending his exception, the result may be modified or upset by the ruling of this court. To hold that, in an equitable action involving vast interests and many parties, a single defendant could continually interpose demurrers, motions to dismiss, or the like, and block the progress of the case at his will by simply filing a bond in effect to pay the cost of excepting if the judgment should be affirmed, or a pauper affidavit, would put it in the power of a single defendant to prevent determination of the case ad libitum. The court should exercise a sound discretion, and either proceed with the case or suspend further progress, as justice may require. In some of the decisions of this court broad language has been used, from which it might be inferred that a defendant who excepts to the overruling of a demurrer or a motion to dismiss can stay the further progress of the cause by filing bond or a pauper affidavit; but this has not been established by direct adjudication. In *Jordan* v. *Jordan,* 12 *Ga.* 77, a demurrer and a plea to the jurisdiction as to a part of the case were overruled, and a bill of exceptions was

filed to such ruling. No effort to obtain a supersedeas in any way was made. In this court the judgment was reversed. When the remittitur was presented in the trial court a motion was made that the judgment of the Supreme Court should be made the judgment of that court, and that the proceedings had while the case was pending in the Supreme Court should be vacated, especially so far as such proceedings were inconsistent with the case as one for discovery only. The exact question was whether the judgment of the Supreme Court should be given as full effect in the trial court as if no further proceedings had there occurred pending the exception, or whether the order entering the remittitur should be so qualified as not to prejudice such proceedings. The ruling of this court on the subject was, that, where exception was taken to the overruling of a demurrer and that judgment was reversed, the decision of the Supreme Court should be given full force and effect without being prejudiced by the fact that further proceedings had been taken pending the exception. *Jordan* v. *Jordan,* 16 *Ga.* 446. As no effort to obtain a supersedeas in any manner, either by bond or order of court, or both, was made in that case, what was said by Benning, J., in regard to what the plaintiff in error might have done, if he had tried, was not a conclusive adjudication of the point. In *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135), exception was taken to the overruling of a demurrer; and it was contended that the filing of a bill of exceptions to that judgment, and the bringing of that question to the Supreme Court for review, deprived the superior court of jurisdiction to proceed with the case. It was held that such position was unsound, and that the judge of the superior court had the power to proceed with the trial. The question whether a supersedeas could have been obtained by filing a bond was not directly involved, and therefore was not decided; but there was a review of the cases bearing on the subject, and a strong intimation that a stay of further proceedings in the case would not result therefrom as matter of right. What we then intimated we now hold. See also *Augusta Factory* v. *Davis,* 87 *Ga.* 648 (13 S. E. 577) ; *Marks* v. *Hertz,* 65 *Ga.* 119 ; *Southern Express Company* v. *Lynch,* 65 *Ga.* 240 ; *Gustoso Cigar Company* v. *Ray,* 117 *Ga.* 565 (43 S. E. 984). In most of the cases where the general declaration has been made that the payment of costs and giving of bond for the eventual condemnation-money

and all future costs would operate as a supersedeas, it will be found that there had been a final judgment rendered against the excepting party, and not a refusal to sustain a demurrer, leaving the case pending in the trial court. In a few of the cases in which exception was taken to the overruling of a demurrer, although the cases were still pending, the point was not directly involved as to whether the excepting party could, as matter of right, stay further progress by means of a bond or pauper affidavit.

3, 4. This case was brought into court by means of an equitable proceeding filed by the Realty Trust Company. It alleged the misconduct of the contractor, the liability of the bonding company as his surety, various claims of liens, and other facts creating complication. It sought to have all of these matters determined in one proceeding,—whether the plaintiff's property was subject to the claims of those asserting liens, and to what extent, and whether the contractor or his surety was liable to the plaintiff. A demurrer filed by the bonding company challenged the right of the plaintiff to recover anything against it on account of liens for material used in the construction of the building, and especially until the plaintiff had discharged such liens by payment, or to join it in this suit for that purpose. The demurrer was overruled, and the bonding company excepted. It filed a bond conditioned to pay to the plaintiff the eventual condemnation-money and future costs, and thereby sought to supersede the judgment against it, or suspend the further progress of the case while the writ of error was pending in this court. The judgment of the court below was affirmed, this court holding that the action was not multifarious for misjoinder of parties or causes of action, and that the plaintiff had a right to join the alleged lienors and the surety on the bond in one action, in order that both the question of the liability of the plaintiff or its property on account of the liens claimed, and the liability of the surety on the bond, might be determined at once, and thus prevent a multiplicity of actions. *Massachusetts Bonding & Insurance Co.* v. *Realty Trust Co.,* 137 *Ga.* 693 (73 S. E. 1053). While the writ of error was pending in this court, based on the overruling of the demurrer, an order was passed referring the case to an auditor, to report on all issues of law and fact "except those arising directly between petitioner and the defendant Massachusetts Bonding and Insurance Com-

pany (a supersedeas having been granted to this defendant), arising either upon the original and amended petition or the cross-petitions." These cross-petitions sought to obtain judgments on the liens asserted. In order for the plaintiff, which brought the case into court, to obtain a decree against the bonding company as surety of the contractor on account of the liens claimed, it was necessary for two things to be established: first, that there were such valid liens against the plaintiff's property, or liabilities on its part; and second, that the surety was liable to the plaintiff on its bond because of such liabilities. Before the surety company could be held subject to judgment, it had a right to be heard on both branches of the case—the liability of the Realty Trust Company or its property, and the liability of the surety company to it. If there were no valid liens against the property of the Realty Trust Company, there could be no recovery against the surety company on that account. It was thus vitally interested in the proper determination of that question. Neither of those questions could be determined in the absence of the surety company, and without an opportunity on its part to be heard, and yet so determined as to affect its rights. If the question of the validity of the liens should be segregated and determined only as between other parties to the case, without opportunity on its part to be heard, the adjudication would be binding on such other parties, but not on it. If such a segregation were made, and then an effort were made to have the bonding company declared to be liable on account of such alleged liens, the whole question of their validity and amount would have to be reconsidered and adjudicated as between it and the Realty Trust Company, although the same question had been finally determined as between the Realty Trust Company and the claimants of liens. If a reference of that question as between the two companies were made to another auditor, different evidence might be introduced and different facts developed, and the second auditor might make a finding directly opposite to that which had already been made. Thus we would have the anomalous condition of an equitable action, based on the avoidance of a multiplicity of suits and a determination of all questions between the parties at once, sustained by this court on that ground, and immediately split into fragments, so that the same question would be tried twice; once as between certain parties to the case, and again as between one of those parties and another.

In the Civil Code, § 5127, it is declared that in equitable proceedings, if the case shall require it, the judge of the superior court "may refer any part of the facts to an auditor to investigate and report the result to the court." This recognizes the possibility that certain parts of the case may require an accounting, or for other reasons may be properly referred to an auditor, but it does not contemplate the segregation of a particular issue in which all parties to the case have an interest and referring it to an auditor so as to bind some of the parties and not others, leaving it open for redecision or rereference to another auditor as to such other parties. When a reference of all or some part of an equitable action is made to an auditor, all parties interested therein have a right to be heard. The judge may divide up the case for proper reasons as to the matter to be referred, but he should not undertake to divide the parties and allow some of them to be heard, and exclude others, as to a matter in which all have an interest.

5. From what has been said it follows that the exception by the bonding company to the overruling of its demurrer did not prevent the presiding judge, in his discretion, from proceeding further in the case, subject to the result of the adjudication by this court. He also had authority, in his discretion, to refer to an auditor the question of the liability of the Realty Trust Company and its property to the claims of liens. Such reference, however, was good as to all parties in the case. It could not well be both a valid and an invalid reference,—valid as to some parties, and a nullity as to other parties. In fact it was a valid reference as to all parties, including the bonding company. We do not understand that the exception, in the order of reference, of issues "arising directly between the petitioner and the defendant Massachusetts Bonding and Insurance Company," was an effort to make a reference of the question of the existence of liens, so as to be binding as to some parties and have no effect as to others interested in that subject; but rather that it sought to reserve the direct issue of liability as between the two companies.

The part of the case involving the validity and existence of liens having been referred to the auditor, and the bonding company having an interest in the result of the determination of that question, it was entitled to appear before the auditor and be heard in regard thereto. It appears from a recital in the bill of exceptions of the

Realty Trust Company that "the case was accordingly heard by the auditor as directed in said decretal order, in which hearing the Massachusetts Bonding and Insurance Company declined to participate, because of the pendency of its writ of error undetermined in the Supreme Court of Georgia." It filed no exceptions to the order of reference, and moved for no revocation thereof. It accordingly took the risk of the procedure before the auditor in its absence. After the judgment of the court had been pronounced, determining that the bonding company was a proper party to the case, and before the auditor had filed any report, it made a motion to broaden the reference to the auditor, but for some reason withdrew it (the order reciting that the company moved to withdraw the motion without prejudice). Thus, both before and after this court had declared it to be a proper party to the case, it abstained from taking part in the proceedings before the auditor. A motion by it that the court declare such proceedings and the report of the auditor to be mere nullities was properly overruled. After the auditor had filed his report, the bonding company made a motion that the case be rereferred; but it having withdrawn its motion made while proceedings were pending before the auditor, and waited until the report was filed, and it not appearing that there was any such indefiniteness, omission, error of calculation, failure to report evidence, error of law, or other proper cause which required that the part of the case which had been referred to the auditor should be recommitted, there was no abuse of discretion in overruling the motion. The hearing had consumed much time and involved the introduction of much evidence before the auditor, and it can not be said that there was error in refusing to require the entire matter to be recommitted and reconsidered on the bonding company's motion so made.

6. Although the bonding company did not take part in the proceeding before the auditor, yet, as this court has heretofore held that it was a proper party, largely because of its interest in the questions which were so referred, and as we have held that the report on those questions can not be treated as a conclusive adjudication against the Realty Trust Company and no adjudication at all as to the bonding company, the latter company was entitled to be heard on the correctness of the auditor's report, and, for that purpose, to file exceptions in the manner prescribed by law. It

filed exceptions both of law and fact, but they were stricken by the presiding judge on motion, not because the judge thought them to be without merit, but because he thought that the company had no right to file and urge them. Although a party may not appear at the trial and defend a case brought against him, it has been held that he may nevertheless attack the judgment entered as being illegal. *Williams* v. *Mercer,* 137 *Ga.* 39 (72 S. E. 341). In the present instance, although the bonding company did not appear before the auditor, and therefore could not except to rulings in regard to the admission or rejection of evidence, which rulings were not made on offers to introduce evidence or on objections to evidence, or the like , (*Cotton States Life Insurance Co.* v. *Edwards,* 74 *Ga.* 225), nevertheless it had the right to attack the general report on the ground that errors of law or errors of fact in his findings, injurious to it, appeared from the record and evidence filed with the report. Accordingly we hold that it was error to strike the exceptions of the bonding company as a whole, without considering them on their merits. The decree rendered must be reversed, the order striking the exceptions of the bonding company be set aside, and those exceptions be considered and determined by the presiding judge before entering such decree.

7. Upon the consent of counsel for various parties in the case, the court fixed the auditor's fee at $2,500, and "ordered that the taxation of said fee as costs in this case as between the parties hereto is hereby reserved for future consideration by the court." The order recited that it appeared from the stipulation thereto attached that all the parties in interest had consented and agreed upon the amount named, as a fair and reasonable fee to be paid to the auditor for his services. It appears, however, from the face of the stipulation, and also from a recital in the bill of exceptions, that the Massachusetts Bonding and Insurance Company did not consent to the order; and that company excepted to its grant, on the ground that it fixed the auditor's fees at a sum in excess of that provided by the statute. By the Civil Code, § 5148, it is declared that the fees of an auditor shall not exceed $1,000. The excepting party did not consent to the larger amount, and it could not be bound by the consent of others. If, by the provision in the order that the taxation of the fee as costs "as between the parties hereto" was reserved for future consideration, it was

intended to declare that the bonding company should not be liable for any part of such fee, then that company would not be interested in the question of its taxation among other parties; and if there were any error, it would not be injurious to that company; or if it was intended, by the expression quoted, that the bonding company should be in no way bound by that order or affected by it, but only the consenting parties should be bound, that company would not be hurt. Apparently the intention of the presiding judge in granting the order was not to affect the rights or interests of that company; but that such intent may be made certain, direction is given that the order of June 28, 1912, fixing the auditor's fee, be so amended as to declare that it in no way adjudicates or affects any right of the bonding company as to the amount of the auditor's fee or the method of its taxation, but that the status of such company in that respect shall remain as if no such order had been passed.

8. The case of Realty Trust Company *v.* Clayton et al. is so interwoven with that which we have just been considering that it is impracticable to deal with them as if they were entirely disconnected and independent litigations. The same auditor's report affects both companies in regard to the same questions. Each of these parties filed exceptions to the report. The case was not ripe for final decree until those exceptions had been properly disposed of. To adjudicate the merits of the exceptions filed by the Realty Trust Company alone, with a possible affirmance of the final decree, and yet set aside the same decree at the instance of the bonding company because its exceptions were dismissed without consideration of them, might operate to perpetuate the very error in practice which has crept into the case, and which we have already discussed. Section 5147 of the Civil Code declares, that, "if exceptions are filed, after the same have been considered and passed upon by the court or jury, or both, as the case may be, the court shall order a verdict or a decree in accordance with the report, and the changes made by the court or jury, unless the same shall require a recommitment." It will be readily perceived that it would not be sound practice or conduce to just results to hold that the case was not ripe for a final decree until the exceptions of the bonding company had been passed upon, with the possibility of a change in the report on account of them, and yet possibly to affirm the same decree,

involving substantially the same questions, at least in part, under the bill of exceptions filed by the Realty Trust Company. The last-named company made common cause with the bonding company in objecting to entering a decree without determining the merits of the bonding company's exceptions, and assigned error on the proceeding to enter a decree against the Realty Trust Company alone, after striking the bonding company's exceptions to the auditor's report.

We think the proper direction to give to this case is to exercise the power declared by the Civil Code, § 6205. Accordingly, without discussing the merits of the exceptions filed by the Realty Trust Company, we reverse the decree entered, on the ground that it was erroneously made without passing upon the exceptions of the bonding company, and after passing upon the exceptions of the Realty Trust Company alone; and direct that the order overruling the exceptions of the Realty Trust Company be set aside, and that the case be again heard upon the exceptions of both companies, and that proceedings be had in accordance with the statute. In this manner the substantial justice of the case can be reached, and not lost in a complexity of technical rules of procedure.

*Judgment reversed in both cases, with direction. All the Justices concur, except Atkinson and Hill, JJ., disqualified.*

### ON MOTION TO REHEAR.

LUMPKIN, J. It is contended that this court misconstrued the order of reference to the auditor. The argument is made that the existence of the liens upon the property of the Realty Trust Company, claimed by various lienors, was an issue in which the bonding company was interested, and therefore fell within the description in the excepting clause of the order of reference of "issues arising directly between the petitioner" (the first-named company) and the bonding company; that, unless some other issue "could be found or made, the order of reference was a nullity, because the excepting clause had cut off all the preceding clause had put in." We had before us two possible constructions of the order, by one of which the presiding judge referred something to the auditor (not merely a possible issue "which could be found or made," in the language of the motion for a rehearing), and the auditor legitimately passed on something; and by the other of which the judge

referred something in one sentence and destroyed the reference in the next, and as a result the entire proceeding before the auditor was a mere nullity. We chose the former construction, thinking it proper not to give to an order of a court a conflicting and self-destructive meaning, unless such was clearly its import; especially as the subsequent ruling, in refusing to declare the report a nullity, was not consistent with that view on the part of the court.

It is further urged that this court erred in saying in effect that the bonding company had an opportunity to be heard before the auditor, and declined the same. The two cases arising under the bill of exceptions of the Realty Trust Company and that of the bonding company were argued and decided together in this court. In the former bill of exceptions it was recited that "the case was heard by the auditor as directed in said decretal order, in which hearing the Massachusetts Bonding and Insurance Company declined to participate, because of the pendency of its writ of error undetermined in the Supreme Court." This was duly certified. We did not understand that the statement that the company "declined to participate" meant that it had no opportunity to do so. Nothing has been brought to our attention indicating any effort or offer by that company to appear before the auditor, or any refusal to allow it to do so.

It was urged that it appeared from the recitals in its bill of exceptions that the bonding company's exceptions to the auditor's report were stricken on motion of counsel for the lienors, on the ground that the bonding company was not a party at interest to the auditor's report, and that such motion was sustained by the court. It was argued from this that a practical construction was given to the order of reference; and it was further urged that the parties—especially the Realty Trust Company—estopped themselves from claiming that the bonding company was a party to the proceeding before the auditor, or that the issue as to the liens could not be referred without affecting that company. Though stated to be subject to the previous motions made by it, the bonding company excepted to the striking of its exceptions to the auditor's report, and assigned that ruling as error; and this court has sustained the exception, holding the ruling to be error, and has given direction that these exceptions to the auditor's report should be allowed to stand of file and be heard. Again, all of the parties

except the bonding company agreed that the auditor should be paid for his services a fee larger than that named in the statute; and the court passed an order allowing such fee, reciting that all the parties at interest had agreed to such order. The bonding company excepted and assigned error on this order, asserting that it had not agreed thereto; and this court, under such assignment of error, directed a modification of the order. If the bonding company was a party interested in that part of the case, it had a right to except to this order, and to the order striking its exceptions. If it was not, why should it do so? Still further, the final decree adjudicated in favor of the liens claimed by the lienors, but contained a recital somewhat similar to that in the order of reference, and stated that the case was kept open for such further orders or decrees as might be needful and proper to dispose of the issues between the Realty Trust Company and the bonding company. The bonding company excepted. If it was in no way affected by the decree, why except to it? If it was affected by the decree, it must have been because it was a party to the case, and was affected by the auditor's report, though such report and decree did not adjudicate the issue of the liability of the bonding company to the Realty Trust Company "arising directly" between those companies.

A motion was made in this court to dismiss the writ of error on the exceptions of the bonding company, one ground being that there was no final judgment or disposition of the case in the court below as against the plaintiff in error. This motion was resisted, and was overruled by this court. And yet, if the reference, the report, and the decree did not affect the plaintiff in error in any way, it would seem that it could not except. The fact is that the bonding company was essentially interested in the question of the existence of liens on the property of the Realty Trust Company that was determined in a case to which the bonding company was a party. Had the auditor refused to permit it to appear and be heard on that question, it would have had cause for complaint; but not because it "declined to participate," or simply "did not participate," in the language of the motion for a rehearing.

Of course, it is possible that we may not have placed the proper construction upon the order of reference. We can not look into the mental intentions of counsel or the court, except as exhibited by

what was done. But if the contention set up in the arguments for the bonding company and in the motion for a rehearing were sustained, the net result of what has been done would apparently be something like this: An equitable petition was filed, making the bonding company a party. That company demurred, and sought to be dismissed from the case. This was denied, and it excepted. While exception to this ruling was pending, parties and the court dismembered the case and destroyed the nexus on which depended the overruling of the demurrer and the subsequent decision of this court; or else the presiding judge passed an order which purported in one sentence to refer some substantial part of the case to an auditor, and in the next practically nullified it. And, in spite of former rulings, the bonding company must now be dismissed from the case, or the reference and all that was done under it must be declared to have amounted to nothing. We do not think that a construction should be given, unless necessary, which would result in so elaborate a nullity. *Motion denied.*