HARRIS *v.* BARFIELD MUSIC HOUSE *et al.*

HILL, J.  Section 6165 of the Civil Code, providing how a supersedeas may be obtained, is mandatory in declaring that on or before filing a bill of exceptions the party *shall* pay all costs, and give bond with good security, payable to the opposite party, and conditioned for the payment of the condemnation-money and all subsequent costs, which bond *shall be approved by the clerk.* Consequently, where a judgment was

21

obtained in a city court against one who then filed a motion for new trial, which was overruled, and the movant filed a bill of exceptions to this, ruling on November 27, 1916, and at the same time tendered to the clerk of the city court a supersedeas bond, which the clerk declined to approve; and where, on November 29, 1916, the bond so tendered was signed by an additional surety, and the clerk then approved it; and where pending and before the approval of the supersedeas bond an execution issued in favor of the prevailing party in the suit and was levied on certain property, and a petition was brought to enjoin the sale of the property levied upon under the execution, it was error for the court to grant a restraining order on the ground that "the bond as filed by the plaintiffs' attorney, at the time of the filing of the bill of exceptions, should have been approved by the clerk, and, after another surety had been procured, was attested and approved by the clerk." *Parker-Hensel Engineering Co.* v. *Schuler,* 133 *Ga.* 696 (66 S. E. 800).

(a) The clerk is clothed with a discretion to approve or disapprove the bond, and his discretion will not be interfered with unless it is manifestly abused. It does not appear that it was abused in this case.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*

### No. 226. OCTOBER 19, 1917.

Injunction. Before Judge Thomas. Lowndes superior court. February 3, 1917. (See 18 *Ga. App.* 444, 89 S. E. 392.)

*J. P. Knight* and *Dan R. Bruce,* for plaintiff in error.