### HACKETT *v.* LADSON.

GILBERT, J. The letters set out in the petition fail to show assent by the parties to the same thing in the sense which is essential to a complete and binding contract. The court did not err in sustaining the general demurrer and dismissing the petition. *Robinson* v. *Weller,* 81 *Ga.* 704 (8 S. E. 447); *Phinizy* v. *Bush,* 129 *Ga.* 479 (59 S. E. 259); *George W. Muller Mfg. Co.* v. *Benton,* 137 *Ga.* 411 (73 S E. 669); *Gray* v. *Lynn,* 139 *Ga.* 194 (77 S. E. 156).

*Judgment affirmed. All the Justices concur, except Hill, J., dissenting.*

No. 2585. JANUARY 10, 1922.

Action for specific performance. Before Judge Thomas. Colquitt superior court. April 5, 1921.

J. R. Hackett filed a petition for the purpose of requiring J. E. Ladson to specifically perform an alleged contract of sale by the latter to the former of a house and lot. The petition alleges in substance that the contract was effected by means of letters, the material parts of such letters, all dated Moultrie, Ga., being as follows: June 30, 1919, Ladson to Hackett: "Referring to our conversation in regard to residence, will say. I could sell you the place lot eighty-five by one hundred and seven, for six thousand

($6,000)." July 7, 1919, Hackett to Ladson: "Referring to your letter of June 30th, and confirming my verbal understanding with you, I will take the house at the price named, $6000.00. We are to pass papers when you are ready to vacate same, the understanding being that you are to occupy same until you complete your new house." December 30, 1919, Ladson to Hackett: "I am in a financial strain at present, and would be glad to close up the real estate trade with you immediately. The home which I am building is costing some more than I anticipated when beginning the work, and I trust that it is perfectly agreeable to you to settle with me and receive deed promptly." December 31, 1919. Hackett to Ladson; "Your letter of the 30th. I beg to advise that it was our understanding that whenever you gave me permission, that I would immediately pay you and secure deed to the property. It was understood that instead of your paying rent, we would just wait until such time as you could give me possession, and I would pay you the money. This I am ready to carry out at any time, but regret that I am not in shape to pay the money and secure deed until I secure possession." Jan. 2, 1920, Ladson to Hackett: "I have your letter of Dec. 31st, and in reply wish to say that unless you will deliver to me remittance to cover the place which I agreed to sell to you, and receive deed immediately, it will be necessary for me to make other arrangements. Unless delayed by causes beyond my control, shall be in position to give possession on about thirty days. In the event I fail to give you possession at the time mentioned, I would, of course, expect to pay rent on the place until I did give possession. You can do as you wish about the matter; but unless I hear from you immediately with remittance, I shall proceed to make other arrangements." Jan. 3, 1920, Hackett to Ladson: "Your letter of January 2nd. I beg to refer you to my letter of July 7th, as follows: 'Referring to your letter of June 30th, and confirming my verbal understanding with you, I will take the house at the price named, $6000.00. We are to pass papers when you are ready to vacate same, the understanding being that you are to occupy same until you complete your new house.' . . I am very much surprised at your failure to carry out your agreement in this matter; however, if you insist, I beg to advise that I will be able to pay you on Monday, or as soon thereafter as you present me a warranty deed, which will be passed by my attorney, six

thousand dollars ($6,000.00) in cash, and wind up this transaction, the lot being 85x107, according to your letter of June 30th." March 9, 1920, Ladson to Hackett: "I have decided not to dispose of the place where I now reside, and about which we talked some time ago." March 10, 1920, Hackett to Ladson: "Yours of the 9th. To say that I am surprised at same is putting it mildly. I bought this house from you fair and square, and as soon as I had arranged to buy it sold my lot where I had intended building, and have been waiting for possession for months. The house I am in had been rented out from me, and I have no place to go. I have arranged for furniture and rugs for this place. I have been waiting for possession for months and holding money to pay for same, and even offered you several times in person and in writing to pay for the place before I got possession if you paid rent." March 17, 1920, Ladson to Hackett: "In reply to your letter of March 10th, wish to say that you are at liberty to proceed in any way you might deem advisable. So far as your having tendered me settlement, wish to state that you have never tendered me one penny."

The petition further recites that upon receipt of the letter of March 17th the petitioner tendered to the defendant six thousand dollars in lawful money of the United States, in compliance with his obligation to purchase the house and lot from the defendant, which said tender the defendant then and there refused, and further alleges that petitioner "here and now makes tender of said purchase price of six thousand ($6,000) dollars, for said real estate and dwelling-house situated thereon."

The defendant interposed a demurrer on the grounds, that the petition set forth no cause of action; that the alleged contract set out in the petition does not with sufficient particularity describe the land sued for; that the plaintiff did not comply with the terms of the alleged contract; that there is no legal contract set forth in the petition; and that the letters set out in the petition to constitute the alleged contract do not comply with the statute of frauds. The demurrer was sustained and the petition dismissed. The plaintiff excepted.

*Hill & Gibson,* for plaintiff.

*James Humphreys* and *Branch & Snow,* for defendant.