## JONES *v.* THE STATE.

A proceeding by the solicitor-general to procure an attachment for contempt of court in counseling and urging presentation to the judge of a petition for injunction in the name of another person, containing disrespectful language reflecting upon the integrity and official conduct of the judge, was not an equity case and did not involve extraordinary remedies within the meaning of the constitution, and was of such character as to afford the Court of Appeals, and not the Supreme Court, jurisdiction of a writ of error upon a judgment holding the respondent in contempt and imposing sentence.

No. 6262.    July 10, 1928.

Contempt. Before Judge Hutcheson. DeKalb superior court. August 27, 1927.

*Don K. Johnston,* for plaintiff in error.

*Claude C. Smith, solicitor-general,* contra.

Atkinson, J. 1. "Attachments for contempt are either civil or criminal, or both. (*a*) In the former, the attachment, being remedial, is merely to compel obedience to an order requiring the payment of money, or to do some act for the benefit of a party litigant, and where the party ordered fails to comply, not out of disrespect to the court, but for other causes within or without his control. (*b*) In the latter, the attachment is for disrespectful or contumacious conduct towards the court, and is punitive." *Davis* v. *Davis,* 138 *Ga.* 8 (74 S. E. 830).

2. The Supreme Court has jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting titles to land; in all equity cases; in all cases which involve the validity of or the construction of wills; in all cases of conviction

of a capital felony; in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases, and in all cases certified to it by the Court of Appeals for its determination. It shall also be competent for the Supreme Court to require by certiorari or otherwise any case to be certified to the Supreme Court from the Court of Appeals for review and determination with the same power and authority as if the case had been carried by writ of error to the Supreme Court." The Court of Appeals has jurisdiction "for the trial and correction of errors of law from the superior courts and from the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, and in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court, and in such other cases as may hereafter be prescribed by law." Const. art. 6, sec. 2, par. 5, as amended (Acts 1916, p. 19); Park's Code Supp. 1922, and Michie's 1926 Code, § 6502.

3. The solicitor-general in the name of the State instituted a proceeding against a person for counseling and urging presentation to the judge, in chambers, of a petition for injunction in the name of another person, which contains disrespectful language reflecting upon the integrity and official conduct of the judge. The proceeding was instituted to secure an attachment against the respondent as for contempt of the court. After a hearing the respondent was adjudged in contempt of court, and a penal sentence was imposed upon him. This contempt proceeding is not an equity case and does not involve extraordinary remedies within the meaning of the above-quoted provision of the constitution. The proceeding is not of such character as would afford the Supreme Court jurisdiction to entertain a bill of exceptions assigning error upon the judgment rendered in such proceeding under any of the provisions of the constitution. The bill of exceptions assigns error upon a judgment against the respondent and the pronouncement of sentence upon him in a proceeding for criminal contempt of court committed in the manner just indicated. The Supreme Court has not jurisdiction, but the Court of Appeals has jurisdiction to entertain the bill of exceptions; and the case will be

*Transferred to the Court of Appeals. All the Justices concur.*