ABNEY *v.* HARRIS.

No. 17501. ARGUED JUNE 11, 1951—DECIDED JULY 9, 1951.

*Earl B. Self, Thomas J. Espy, Walter B. Shaw, Fariss & Fariss,* for plaintiff.

*Brinson & Davis,* for defendant.

WYATT, Justice. ■ Defendant in error makes a motion to dismiss the writ of error in this court on three grounds. The first ground is that the plaintiff's application for attachment is for criminal contempt, to which the State of Georgia is a necessary party, and since the State of Georgia is not a party to the bill of exceptions, it should be dismissed. The attachment for contempt in the instant case is for the purpose of

compelling obedience to an order for the benefit of a party litigant, and n o t for disrespectful or contumacious conduct towards the court. It is, therefore, civil rather than criminal contempt, and the State of Georgia is not a necessary party to the bill of exceptions. See *Davis* v. *Davis,* 138 *Ga.* 8 (74 S. E. 830), and *Jones* v. *State,* 166 *Ga.* 553 (144 S. E. 106). There is no merit in this ground.

■ The second ground of the motion to dismiss is that the order of the court below refusing to hold the defendant in contempt is not a final judgment such as can be made the subject of a bill of exceptions. This ground is without merit. See *Davis* v. *Davis,* supra; *Stokes* v. *Stokes,* 126 *Ga.* 804 (55 S. E. 1023); *Gray* v. *Gray,* 127 *Ga.* 345 (56 S. E. 438); *Pettitt* v. *Henson,* 50 *Ga. App.* 196 (177 S. E. 355).

■ The third ground of the motion to dismiss is that the order of the court below overruling the motion of the plaintiff to require the defendant to provide a bond or to vacate the supersedeas altogether is not such a final judgment as can be made the basis of a bill of exceptions to this court. For reasons that will appear hereafter in the opinion, this contention is without merit.

4. Plaintiff in error contends that the order of the court below sustaining the motion of the defendant in error to dismiss the attachment for contempt was error, for the reason that the acts of the defendant in error complained of violated the temporary restraining order and the permanent injunction granted the plaintiff in error as a result of the trial in this case. There is no merit in this contention. In the instant case, the plaintiff in error filed his petition seeking, among other things, an injunction. The judge granted a temporary restraining order "until further order: of the court." "On a hearing had under a rule nisi the judge should not grant a perpetual or permanent injunction, but only one of an ad interim character, to remain of force until the final trial." *Southern Cotton Oil Co.* v. *Overby,* 136 *Ga.* 69 (70 S. E. 664). See also *Brown* v. *Smith,* 150 *Ga.* 111 (102 S. E. 813); *Pig'n Whistle Sandwich Shops* v. *Keith,* 167 *Ga.* 735 (146 S. E. 455); *Payton* v. *Ford,* 134 *Ga.* 587 (68 S. E. 300); *Powell* v. *Parker,* 38 *Ga.* 644. Under the rulings in the above-cited cases, a temporary restraining order or inter-

locutory injunction is effective only until there can be a final trial of the case. It follows, the temporary restraining order has been terminated by the trial in the instant case, and the defendant in error can not be held in contempt for violating that order.

Neither can the defendant be held in contempt for violating the permanent injunction granted as a result of the trial. That judgment has been superseded by an order of the court. "The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment. . . Under this rule, the supersedeas, during its pendency, prevents any steps to enforce or carry into effect the judgment." *Town of Fairburn* v. *Brantley,* 161 *Ga.* 199 (130 S. E. 67). See also *Barnett* v. *Strain,* 153 *Ga.* 43 (111 S. E. 574). It follows, the judgment of the court below dismissing the attachment for contempt was not error.

5. (a) We are confronted in this case with the question whether or not, on a motion for new trial filed by the losing party, the grant of a supersedeas without a bond or other order to preserve the status quo, or any other provision to protect the interest of the party prevailing before the jury, is such a judgment as can be made the subject of a bill of exceptions, when the motion for new trial is still pending in the trial court. Power *v.* Baker, 112 U. S. 710 (5 Sup. Ct. 361, 28 L. ed. 825), was a case in which the Supreme Court of the United States considered a bill of exceptions to a judgment refusing to vacate a supersedeas. No other question seems to have been involved. *Biggers* v. *Hope,* 176 *Ga.* 141 (167 S. E. 176), was a case in which this court reviewed exceptions to the grant of a supersedeas. *Harris* v. *Barfield Music House,* 147 *Ga.* 321 (93 S. E. 876), was a case in which this court considered a bill of exceptions on the question of the sufficiency of a supersedeas bond. We find no case in this or any other jurisdiction where the facts are identical with those in the instant case. We consider the above-cited cases physical precedents sufficient to hold that, under the peculiar facts of this case, the judgment complained of is one that can be brought to this court by a direct bill of exceptions while the motion for new trial is pending in the trial court.

(b) The next question presented by the bill of exceptions in the instant case is the judgment of the court below dismissing plaintiff's motion to require the defendant to provide a bond in connection with the supersedeas order. Our Code, § 6-1002, provides: "The bill of exceptions thus filed shall operate as a supersedeas upon the plaintiff in error complying with the following terms: 1. In a civil cause the party shall, on or before filing the bill of exceptions, pay all costs, and, by himself, his agent, or his attorney in fact or at law, give bond with good security, payable to the opposite party, and conditioned for the payment of the eventual condemnation money and all subsequent costs, which bond shall be attested and approved by the said clerk. If such bond shall be filed, and all cost then accrued paid, subsequently to the filing of the bill of exceptions, provided the same shall be done within 10 days after such bill of exceptions is filed, further proceedings under the judgment shall be stayed until a decision is had upon the bill of exceptions." "A rule nisi for a new trial shall not operate as a supersedeas, unless so ordered by the court, in which case the court may require a bond and security for the eventual condemnation money, when the exigency of the case requires it." Code, § 70-307. "When any hearing shall take place in conformity to the rules of law for granting and dissolving injunctions, the judge may grant or refuse said injunction on the terms the law requires; and either party may have a writ of error to the Supreme Court from such decision, upon complying with the law appertaining to the same; but no such writ of error nor any proceeding for obtaining the same, shall have the effect of establishing or denying an injunction independently of the order of the judge, who shall, on rendering the decision or in granting the writ of error, make such order and require such bond as may be necessary to preserve and protect the rights of the parties until the judgment of the Supreme Court can be had thereon, which he shall do as well in cases of refusal as of granting an injunction." § 55-202.

This court, in *Gustoso Cigar Co.* v. *Ray,* 117 *Ga.* 565 (43 S. E. 984), said: "The policy of the law is against allowing the status to be changed until the final termination of a case in the court of last resort, and notice of certiorari, appeal bonds, coun-

ter-affidavits and bonds, filing bills of exception under the Civil Code, § 5552, perform the office of a supersedeas without the intervention of the judge. Under the Civil Code, § 4925 the chancellor is expressly authorized in injunction cases, to grant such order and require such bond as may be necessary to preserve and protect the rights of the parties until final judgment. A supersedeas is either a matter of statutory right, or vested in the discretion of the judge of the superior court under the Civil Code, § 4321. There may be instances in which it would be necessary to mold and frame the order of supersedeas so as to meet the exigencies of the case, the general principle being that the losing party has the right, on giving bond and security, to maintain the status until the return of the remittitur from the Supreme Court." See *Marks* v. *Hertz*, 65 *Ga.* 119.

Again, in *Brandon* v. *Brandon*, 154 *Ga.* 661 (115 S. E. 115), this court said: "When the court below announced its decision awarding the child to the mother, who resides in Ohio, and who was temporarily in Georgia to attend the trial of this proceeding, counsel for the defendant requested the court to pass such order of supersedeas as would preserve the status, until the decision could be reviewed. This the court refused, and error was assigned on this ruling. 'The policy of the law is against allowing the status to be changed until the final termination of a case in the court of last resort.' *Gustoso Cigar Mfg. Co.* v. *Ray*, 117 *Ga.* 565 (43 S. E. 984). The proper practice, in a case where irreparable injury may result, by carrying the judgment instantly into effect is, upon notice being given to the court that a bill of exceptions will be filed, to allow a reasonable time for this to be done, before the judgment is carried into effect. *Lindsey* v. *Lindsey*, 14 *Ga.* 657. The court erred in permitting the immediate execution of its judgment awarding the custody of this child, pending appeal, to the mother who lived out of this State." See *Tift* v. *Atlantic Coast Line R. Co.*, 161 *Ga.* 432, 447 (131 S. E. 46).

In the instant case, the trial judge by granting a supersedeas without requiring a bond or making other provision to preserve the status quo, effectively deprived the plaintiff in error of the fruits of his victory. This was clearly error.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*