| 34 | 101 |
| 88 | 366 |
| 34 | 101 |
| 117 | 567 |

WM. A. IRWIN, plaintiff in error, vs. A. W. JACKSON, defendant in error.

The filing a bill of exceptions to the decision of the Judge below in *habeas corpus* cases, does not operate as a *supersedeas*. But the applicant must remain in the condition in which he is placed by the judgment, whether exception be taken or not.

*Habeas Corpus.*    Decided by Judge HOOK.    At Chambers. October 1864.

His Excellency, the Governor, ordered into the field all persons subject to militia duty. Col. Irwin, an officer of the militia, arrested Jackson, in execution of that order.

Jackson, to obtain his discharge, sued out a writ of *habeas corpus* before Judge Hook, on the ground, that he was not liable to serve in the militia. On the return of that writ, Judge Hook decided against his application for discharge, and remanded him; and he excepted. His bill of exceptions, after being signed and certified by the presiding Judge, was filed in the Clerk's office. After this, he remained at home unmolested, until the Governor issued another order, directing specially, that men who had sued out writs of *habeas corpus*, and had been on the return thereof adjudged subject to duty, should be sent to the front. Under both this and the preceding order, and while the bill of exceptions in the former case was pending in the Supreme Court, Col. Irwin arrested Jackson again. The latter now sued out before Judge Hook, a second writ of *habeas corpus*, claiming his discharge on the ground, that the first writ was yet pending in the Supreme Court on the bill of exceptions. Judge Hook, at the hearing of the second writ, passed an order of discharge; holding that when the judgment on the first writ was rendered, Jackson was in the custody of the law, and not in that of the militia officer; that the bill of exceptions, when signed and filed, superseded that judgment, leaving Jackson still in the custody of the law; and that this was yet his proper status, and would be during the pendency of the bill of exceptions in the Supreme Court.

Col. Irwin excepted to this decision, and brought it here for review·

NOTE.—*Dates.*—First arrest, and writ and decision thereon, September 1864. Second writ issued and heard, October 18th, 1864. No other dates given.

*Not stated in the record.* Interval between first judgment and filing the bill of exceptions. What was done, if any thing, towards executing that judgment prior to filing the bill. Whether any bond given, affidavit made, or costs paid, or whether the Judge passed any order for *supersedeas.*

HALL, for plaintiff in error.

GILMORE, for defendant, made no argument.

LYON, J.

The only question made by this record, is whether the signing and certifying a bill of exceptions to this Court, upon the judgments of the Superior Court, in *habeas corpus* trials, operate as a *supersedeas*—so as to continue the applicant discharged from the arrest or custody of which he complains, until the hearing and adjudication of the case before this Court, in those cases where the relator is remanded by the judgment of the Court below, back into custody.

We are clear that the bill of exceptions, in these cases, does not operate as a *supersedeas*. It can only have that operation in those cases, and in the manner provided for especially by the statute.

"The bill of exceptions thus filed, shall operate as a *supersedeas* upon the plaintiff in error complying with the following terms: In a civil cause, the party shall, on or before filing the bill of exceptions, pay all costs, and by himself, his agent or attorney in fact or at law, give bond with good security, payable to the opposite party, and conditioned for the payment of the eventual condemnation money and all subsequent costs, which bond shall be attested and approved by the said clerk. Or he may file an affidavit with the said clerk, stating that he is unable, from his poverty, to pay the costs and give the security for the eventual condemnation money, and that his counsel has advised him that he has good cause for a writ of error, which affidavit shall operate as if the costs were paid and bond given. In a criminal cause, where the offence is bailable, the defendant shall enter into a recognizance before the said clerk, with security to be approved by him, in a sum to be fixed by the presiding Judge, conditioned for the personal appearance of such defendant, to abide the final order, judgment or sentence of

said Court. If the offence is not bailable, the Judge shall order a *supersedeas* at the time of filing the bill of exceptions. If the party is unable, from his poverty, to give the recognizance, the Judge shall order a *supersedeas* upon the filing of an affidavit, as provided in civil cases; but the defendant shall not be set at liberty without the recognizance."

These are the only cases in which the bill of exceptions operates as a *supersedeas.* In civil cases, where the costs are paid, and a bond with security given for the eventual condemnation money; and in criminal cases where the offence is bailable, upon like terms, except that the bond is given for a sum fixed by the Judge, and when not bailable, by the order of the Judge; and when the party cannot give the bond from his poverty, then the Judge orders the *supersedeas*, but the defendant is not set at liberty.

This case does not fall within any of these provisions. It is a civil proceeding, but there is no eventual condemnation money, and no bond can be given to protect it. It is not a criminal cause, yet the personal presence of the party suing out the writ is required, and must be secured, before he is discharged upon the filing of the bill of exceptions, else injustice may be done to the service by the loss of a soldier. No bond is authorized to be given so as to compel his attendance to abide the final order, judgment, or sentence of the Court, and yet that attendance is necessary; nor could the Court require a bond to be given, for there is no one authorized to collect or to recover the money in case of its forfeiture; besides, money would not compensate the loss to the service of the soldier. The case is not provided for by the letter of the statute, and by the enumeration of the particular cases in which a *supersedeas* is allowed, all others are excluded; nor is the case within the spirit of the law, for the reasons I have already given.

Until the Legislature thinks proper to supply this omission, the condition of an applicant must remain as it is placed by the judgment of the Court below, on the merits

of the question. If the custody is declared to be a legal one, he must be continued in that condition, or if it be declared illegal, he must be discharged; notwithstanding a bill of exceptions be filed in either event.