ANDREW W. JACKSON, plaintiff in error, vs. REUBIN MAYO, Sheriff, defendant in error.

Appellant having been previously adjudged liable to service in the Confederate army, upon the hearing of a *habeas corpus* sued out by him against the enrolling officer, and having filed his bill of exceptions, and taken an appeal to this Court, was, pending the appeal, arrested by the Sheriff of Washington county, under the proclamation of the Governor of the State, calling out the militia, and was about to be sent forward to the place of rendezvous, when he sued out a writ of *habeas corpus* against the Sheriff: *Held*, that the first judgment had not been superseded, but remained of force until reversed on appeal, and that in the interim the appellant was not subject to be placed in active service with the militia.

*Habeas Corpus* decided at chambers, by Judge HOOK, August 1864.

The Sheriff, Mayo, by virtue of a proclamation of His Excellency, the Governor, ordering all men liable to perform militia duty; to be sent forward to the front, held Jackson, the plaintiff in error, in custody, claiming the right to send him forward accordingly. That the Sheriff was the proper agent to enforce the Governor's proclamation, was not controverted; but Jackson, denying his liability to militia service, applied to Judge Hook for a writ of *habeas corpus* to test that question. The writ was issued on the 6th of August 1864, and on the 11th of the same month the hearing took place; when it appeared that Jackson was within conscript age, namely, between 18 and 45 years; that he had put a substitute into the army of the Confederate States, and had, for that cause, received a discharge therefrom;

14

that subsequently he was enrolled for Confederate service, by the enrolling officer of Washington county, and sued out a writ of *habeas corpus*, before His Honor Judge Hook, asserting his exemption from that service, on the ground of having furnished a substitute ; that the judgment rendered by Judge Hook on the trial of that writ, was against him ; but that the cause was still pending before the Supreme Court, for adjudication at the (then) next term at Milledgeville.

Upon these facts, Judge Hook held him liable to serve in the militia, and remanded him to the custody of Mayo, the Sheriff; and this judgment was brought here for reversal by the present writ of error.

The case was submitted, in this Court, without argument.

*By the Court.*—JENKINS, J. delivering the opinion.

The appellant in this case had been previously enrolled as liable to military service in the Confederate army, had sued out a writ of *habeas corpus* against the enrolling officer, and on the hearing, had been adjudged liable to that service and remanded to the custody in which the writ found him. He filed his bill of exceptions and appealed to this Court. Pending the appeal, he was arrested by the Sheriff of Washington county, in obedience to a proclamation of the Governor of Georgia, calling the militia into active service. Thereupon, he sued out a writ of *habeas corpus* against the Sheriff, seeking exemption from the call of the Governor, on the ground that he had been adjudged liable to military service in the army of the Confederate States, and that his appeal from that judgment was still undecided. It is very clear that both these claims of service cannot be at the same time enforced against the same individual. He cannot at the same time fill a place in the Confederate army, and in the militia, in active service.

He had been enrolled as a Confederate soldier, and taken

into custody by an officer of that army, from which he was temporarily withdrawn by the execution of the writ of *habeas corpus*. On the return of this writ, the parties had a hearing, and the result was, that the relator was declared subject to the military service of the Confederate States, and remanded to the custody of the enrolling officer. Immediately upon the signing of this judgment, he was remitted to the status he occupied before the suing out of the writ of *habeas corpus*, which was that of an enrolled soldier of the Confederate army. Was his condition changed anterior to his arrest by the appellee in this case for the purpose of being sent forward to the rendezvous of the State militia? If so, what wrought the change? Certainly not the bill of exceptions which he filed to the judgment of the Court below, remanding him to the custody of the enrolling officer. This is not a case in which the filing of the bill of exceptions operates as a *supersedeas*. The judgment of the Court remains in full force until reversed by this Court. At the precise point of time, then, when the appellant was before the Court below in this case, the judgment rendered against him in the first case of *habeas corpus*, holding him liable to service in the Confederate army, for which he had already been enrolled, should have been considered correct and binding. In this view, there is no escape from the conclusion that the judgment now under review is erroneous. There is a positive incompatibility between the services to both of which the appellant has been adjudged liable in the Court below.

The judgment in this case is reversed.