THE RICHMOND AND DANVILLE RAILROAD COMPANY *v.* BUICE, and *vice versa.*

1. Full payment of the *fi. fa.* founded on the judgment sought to be reversed, pending a writ of error, it not appearing that any *supersedeas* was sued out, is no cause for dismissing the writ of error, inasmuch as the defendant below (the plaintiff in error here) would be entitled to recover the money back in case the judgment should be reversed.

2. While, by the use of extraordinary diligence, the company might have saved the life of the horse by adopting different means of

releasing him from his confinement in the trestle, yet the evidence shows clearly that the company used all ordinary and reasonable diligence, both to avoid driving him upon the trestle, and to release him therefrom after he fell and became confined between the cross-ties. The court erred in not granting a new trial for this reason.

3. The order taken in this case in term time was sufficiently broad as to giving time to prepare and file a brief of evidence in vacation, and there was no error in refusing to dismiss the motion for a new trial.

4. On a plea of the general issue, a railroad sued for killing stock may show by evidence that the stock was killed on the road of another company, and by the servants of such other company and not by its own servants. 　　　　*Judgment reversed.*

December 28, 1891. 　　　　*On cross-bill of exceptions, affirmed.*

Practice. New trial. Railroads. Negligence. Killing of stock. Before W. M. SESSIONS, judge *pro hac vice.* Gwinnett superior court. March term, 1891.

Buice sued the Richmond & Danville Railroad Company for killing his horse. The defendant pleaded not guilty. Plaintiff obtained a verdict; defendant's motion for a new trial was overruled, and it excepted. The grounds of the motion were approved during the term on March 5, 1891, and on that day a consent order was taken that the hearing of the motion be continued, that it be heard on April 14, 1891, and that defendant's counsel have until that time to perfect this motion and to make out and submit for approval a brief of the evidence in the case. On April 14, 1891, a consent order was passed that the hearing of the motion be continued to April 22, 1891, that the motion "stand open" until that time, and that defendant's counsel have until that time to prepare and file for approval a brief of the evidence. The brief of the evidence was agreed to by counsel and ordered to be filed on April 22, 1891, and was filed May 25, 1891. The motion for new trial coming on to be heard, counsel for plaintiff moved to dismiss the motion because no legal or sufficient order was taken during term time authorizing the defendant to

file a brief of the evidence during vacation. The motion to dismiss was overruled.

During the trial defendant's counsel offered to prove that the Lawrenceville Branch Railroad Company was liable to plaintiff, if any company was, and not defendant; and that its servants and not those of defendant killed plaintiff's horse. Plaintiff objected to this testimony, unless there was a special plea in abatement, or otherwise, filed in addition to the plea of general issue. This objection was overruled, and defendant was allowed to go into the question and introduce proof thereon. To this ruling and the one above stated the plaintiff took a cross-bill of exceptions.

In the Supreme Court the plaintiff moved to dismiss the case on the ground that the judgment against the defendant had been fully discharged, including principal, interest and all costs. See the first head-note.

CALHOUN, KING & SPALDING and N. L. HUTCHINS, JR., for the railroad company, cited Code, §§3033, 3458; 77 *Ga.* 70 ; 83 *Ga.* 192, 669 ; 86 *Ga.* 103 ; 81 *Ga.* 136 ; 78 *Ga.* 190 ; 77 *Ga.* 612 ; 72 *Ga.* 204.

C. H. BRAND, *contra*, cited Code, §3456 ; 27 *Ga.* 113, 172 ; 7 *Ga.* 101.