4638. TOOLE *et al. v.* DAVIS.

RUSSELL, J. 1. In a case in which the defendant below (the plaintiff in error here) would be entitled to recover the money back in the event the judgment should be reversed, full payment of the fi. fa. founded on the judgment, pending a writ of error therefrom (it not appearing that any supersedeas was sued out), is not cause for dismissing the writ of error. *Richmond & Danville Railroad Co.* v. *Buice,* 88 *Ga.* 180 (14 S. E. 205); *Hudson* v. *Alford,* 118 *Ga.* 669 (45 S. E. 454). See also, upon

this subject, *White* v. *Tifton*, 1 *Ga. App.* 569 (57 S. E. 1038). The motion to dismiss the writ of error on this ground is overruled.

2. Upon the direct examination of a witness it is not error for the court to repel or exclude testimony as to irrelevant matters when it is apparent that the only purpose of the testimony is to give argumentative support to a positive statement previously made by the witness, in regard to a material fact as to which the parties are at issue.

3. The assignment of error that a part of the charge of the court was argumentative, for the reason, as insisted, that the judge did not charge the converse of a certain proposition stated by the court (which is quoted and in which a correct principle of law was properly applied to testimony which was before the jury), is without merit, because it would have been error so to charge the jury. If the defendant sold the trunk in question to the plaintiff, and, without reserving title, delivered it to her in pursuance of the sale, as the plaintiff testified, it became as completely the property of the plaintiff as if the purchase-price had been paid in full before the delivery of the chattel. On the other hand, of course, the plaintiff had no title if, as was also testified, the defendant had not sold the trunk to the plaintiff, but merely permitted her to use it; and the court correctly instructed the jury to this effect. It was immaterial whether the plaintiff moved the trunk after the defendant delivered it to her, except in so far as the moving of the trunk might illustrate the issue and aid the jury in determining whether the trunk was delivered in pursuance of a sale, or had merely been loaned to the plaintiff.

4. It is the duty of the trial judge, even without a request, to give the jury appropriate instructions as to the law applicable to material contentions of both parties, set out in the pleadings and supported by testimony; but in the absence of an appropriate and timely request therefor, the judge is not required to direct special attention to specific parts of the testimony which either of the parties may think are in his favor, or to weak points in the lines of his adversary.   *Judgment affirmed.*
                    DECIDED JULY 22, 1913.

Trover; from city court of Miller county—Judge Bush. December 18, 1912.

*Bush & Stapleton,* for plaintiffs in error. *W. I. Geer,* contra.