LESTER *et al. v.* WRIGHT, insurance commissioner, *et al.*

PER CURIAM, 1. The decree involved in this case is not of such a character as to authorize exception to it as a final decree, with the right in the plaintiffs in error to have a supersedeas by paying the costs and giving bond under the Civil Code (1910), § 6165, par. 1, or filing an affidavit in forma pauperis under the third division of that section in lieu of paying the costs and giving bond. In its main features it is an interlocutory, administrative order in an equitable action. If there is any feature of it, such as overruling demurrers to the petition and amended petition, from which direct exception may lie under the Civil Code (1910), § 6138, yet under such exception no right to a supersedeas arises so as to stay further progress in the case in the superior court pending the hearing and decision of the case in this court. *Massachusetts Bonding &c. Co.* v. *Realty Trust Co.*, 139 *Ga.* 180 (77 S. E. 86), and cit.; *Farmers &c. Bank* v. *Burwell*, 120 *Ga.* 540 (48 S. E. 145); *Jones* v. *Martens-Turner Co.*, 106 *Ga.* 267 (32 S. E. 137); *Smith* v. *Estes*, 128 *Ga.* 368 (57 S. E. 685).

(*a*) This case does not fall within the decision in *Booth* v. *State*, 131 *Ga.* 750 (63 S. E. 502), or that in *Moody* v. *Muscogee Mfg. Co.*, 134 *Ga.* 721 (68 S. E. 604, 20 Ann. Cas. 301). The decrees or judgments there considered were different from that here involved.

2. Without discussing the extent or exercise of the power of the Supreme Court (or whether such power is inherent, or arises under the Civil Code (1910), § 6103), to grant writs of prohibition, or similar orders, or to issue attachments for contempt, or other writ, for the present purpose it is sufficient to hold that no right to the issuance of the writ of prohibition, or to the grant of any of such orders as are prayed in this case, is shown.

(*a*) The applicants did not rest their contention on the invoking of the exercise of any discretionary power of the court, whose judgment was complained of, to supersede the decree or to delay its enforcement in the nature of a supersedeas or stay, but contended that a supersedeas resulted by operation of law upon the filing of the bill of exceptions and the affidavits in forma pauperis.

*Application denied. All the Justices concur, except Fish, C. J., absent.*

MARCH 23, 1916.

Original application for writ of prohibition, etc.

Two pending causes were consolidated in Fulton superior court as an equitable action, viz.: Wright, insurance commissioner, v. Empire Life Insurance Company, wherein the affairs of the insurance company were placed within the control of the plaintiff, under the act of 1912 (Ga. L. 1912, p. 119) as amended by the act of 1914 (Ga. L. 1914, p. 135); and Brown et al. v. Empire Life Insurance Company, a suit for receivership and other equitable remedies and relief. In the progress of the litigation the insur-

ance commissioner filed a petition for direction, and for authority to reinsure the risks of the Empire Life Insurance Company in the International Life Insurance Company. Demurrers and answers were filed; and after a hearing the court overruled the demurrers and decreed, among other things, as follows (in brief): (a) That service, personally and by publication, had been made as provided by a previous order. (b) That the insurance commissioner be authorized to enter into the proposed contract of reinsurance, provided it be modified in certain particulars stated in this decree. (c) That the policies in the Empire Life Insurance Company be modified as set out in the contract of reinsurance; provided that this decree and the contract should not bind any policyholders who had filed their dissent to the contract, or might do so within thirty days after the mailing of notice to them, the court, for the purpose of making proper distribution to them, retaining jurisdiction of the assets of the company, with specified exceptions. (d) That the insurance commissioner be authorized to cause the procurement of a loan on the building of the company in Atlanta, upon certain terms and conditions. (e) That before the exercise of an option, provided for in the proposed contract, as to a loan on the building of the company in Augusta, the matter be brought to the attention of the court for direction. (f) That report be made to the court, within twenty days, of the cash value of all annuity death claims; on which the court would make further orders. (g) That the proposed contract of reinsurance be not effective until approved under the laws of the State of Missouri (the residence of the International Life Insurance Company) ; any amendments of it to be reported back to the court for further action. (h) That all creditors, lien claimants, policyholders, etc., be enjoined from prosecuting any suit having the purpose or effect to hinder or defeat the purposes of this decree. (i) "The court retains all jurisdiction it now has over this decree and over this subject-matter, for the purpose of making such modifications as may be necessary to be made in this decree, and for the purpose of making such other and further decrees as may be necessary and proper in the administration of the said estate." This decree was dated February 4, 1916; and on the same day the court passed an order that counsel have until the 1st day of March, 1916, to prepare and present a bill of exceptions. A bill of exceptions was

presented, signing of which wes deferred until March 15. On that day it was filed, accompanied by pauper affidavits of plaintiffs in error, under the Civil Code, § 6135. On the same day the presiding judge entered an order declining to grant a supersedeas as a matter of discretion, and holding that no supersedeas resulted as a matter of law. The plaintiffs in error then applied to the Supreme Court for a writ of prohibition, and for such other writs and orders as might be appropriate, to prevent the carrying into effect of the decree during the pendency of the writ of error. A rule nisi was issued by this court, returnable on March 20, and directed to the insurance commissioner, the International Life Insurance Company, and the judge of the superior court; each of whom answered. The rule was discharged on March 23, this court deciding as shown by the syllabus.

*Dorsey, Brewster, Howell & Heyman,* for the applicants.
*Robert C. & Philip H. Alston,* contra.