### 43488. HARTMAN v. BRADY.

FELTON, Chief Judge. In the plaintiff employee's action against her employer, the defendant department store owner, for damages for personal injuries sustained when she tripped and fell while using allegedly unsafe steps from the store's rear entrance, resulting from the defendant's alleged negligence in maintaining and failing to warn the plaintiff of such unsafe condition, although she alleged that she had never used these steps before and neither knew nor had means of knowing of their danger, she also alleged that, "after having carried out two boxes [as requested by the defendant] and while attempting to carry the third one out, the plaintiff's foot tripped and she fell in attempting to go out the back entrance and down the steps." The plaintiff-appellee's brief contends that the above allegation was amended to read as follows: "After having made two trips to the back door and placing boxes beside the back door to be carried outside, plaintiff on the third trip to the back door was attempting to descend the steps leading from the rear of said store into the alley. At said time and place, the plaintiff's foot tripped and she fell in attempting to go out the back entrance and down the steps. . . ." A search of the record fails to reveal the alleged amendment. The petition as otherwise amended, construed against the pleader, as well as the affidavits of both parties on file, shows that the plaintiff had, or in the exercise of ordinary care should have had, knowledge of the alleged unsafe condi-

tion from having just traversed the steps twice immediately prior to her fall. The court, therefore, erred in its judgment overruling the defendant's general demurrer to the petition and motion for a summary judgment.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*

SUBMITTED MARCH 4, 1968—DECIDED MAY 9, 1968—

JUDGMENT ADHERED TO JUNE 5, 1968.

*Kimzey & Kimzey, Herbert B. Kimzey,* for appellant.

*John N. Crudup,* for appellee.

ON MOTION FOR REHEARING.

FELTON, Chief Judge. After the publication of this court's judgment on the appeal in this case the appellee caused to be transmitted to this court the amendment, (certified by the clerk of the trial court), referred to in the opinion as being absent from the record. The amendment was allowed by the trial judge, subject to objections, on January 2, 1968, after the appeal of the case to this court. The trial judge did not have the amendment before him at the time of rendering the judgments appealed from and not having made an adjudication with reference to them, there was no ruling on the amendment and as to this there is no judgment on the amendment which this court can review under the Constitution. Moreover, the Appellate Practice Act, *Code Ann.* § 6-1002, provides that an appeal acts as a supersedeas, so it would seem that any further action in the case by the trial court would be void until the remittitur from this court is returned to the trial court, at which time jurisdiction of the case passes again to the trial court.

*Judgment adhered to on rehearing. Eberhardt and Whitman, JJ., concur.*