45691.   LEONARD BROTHERS TRUCKING COMPANY, INC. v. CRYMES TRANSPORTS, INC.

ARGUED OCTOBER 7, 1970—DECIDED MARCH 5, 1971.

*Neil L. Heimanson,* for appellant.

*Frank D. Hall,* for appellee.

DEEN, Judge. 1. The motion seeks production of "all shipping orders, manifests, bills of lading, cashier and/or auditor copies of freight bills, delivery receipts, verified copies of all state tax reports, all tariffs, all Section 22 tenders, and all canceled checks on payments made to plaintiff applicable to all shipments transported by plaintiff for the account of defendant during the period in which plaintiff acted as an independent contractor under contract with defendant." The materials requested are limited to documents "which defendant is required to maintain as evidence of service rendered to the public pursuant to the rules and regulations of the Interstate Commerce Commission and the Interstate Commerce Act," it refers only to transactions in which plaintiff moved freight for the defendant under the contract, that is, the very evidence from which the amount owing, if any, is to be ascertained by applying pertinent contract rate provisions, and it is limited in time to a period of not over two and a half months. Accordingly, the objection that the documents are not specified with sufficient particularity is not well taken.

2. Under *Code Ann.* § 81A-134 as under former *Code Ann.*

§ 38-2109 (a) and Rule 34 of the Federal Rules of Civil Procedure, the movant must show good cause for the production of the documents for examination. The appellant, citing Margeson v. Boston & Maine R., 16 FRD 200, points out that this means more than mere relevancy and competency, and should be something in the nature of special circumstances. The motion here is supported by the affidavit of the president of the plaintiff corporation in which he states (1) his personal knowledge that the documents sought exist, (2) that the defendant is required by regulations of the Interstate Commerce Commission to maintain them as evidence of service rendered to the public, (3) that plaintiff cannot obtain the information from any other source, and (4) that the information sought is relevant to all shipments transported by plaintiff for defendant during the period of the contract. "What constitutes good cause is to a very large degree left to the judgment of the trial court." *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 224 (156 SE2d 476), citing *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144 (141 SE2d 112) and *Sorrells v. Cole,* 111 Ga. App. 136 (141 SE2d 193). As was stated in Guilford Nat. Bank v. Southern R. Co., 297 F2d 921, 925, in cases involving production of business records in the sole possession of the opposing party, "the actual record of figures and technical details of business transactions may well be indispensable because the necessary information cannot be satisfactorily discovered by interrogatories and depositions." This would seem to be particularly true where, as here, plaintiff's reimbursement depends in part at least upon applicable percentages of amounts received by the defendant on hauling contracts performed by the plaintiff and it would appear that the controversy might reduce itself even in a pre-trial hearing to a problem in addition. Ordinarily, the affidavit of the president of the plaintiff corporation that the information sought cannot be obtained from any other source plus the obvious implication from the facts of the case that the information sought would be a sufficient showing of good cause. "In the case of business records, this two-factor test, relevancy plus need, often resolves itself into a question of simple relevancy, for the exclusive possession of the information through which the claim or defense must be established is so plain as to make the requirement of a showing little more than

a requirement of a recitation." 4 Moore's Federal Practice, § 34.08, pp. 34-72.

Judgment affirmed. Hall, P. J., and Evans, J., concur.