45795.   LEONARD BROTHERS TRUCKING
COMPANY, INC. v. CRYMES TRANSPORTS, INC.

342

ARGUED JANUARY 4, 1971—DECIDED JULY 13, 1971—
REHEARING DENIED JULY 29, 1971—

*Neil L. Heimanson,* for appellant.

*Frank D. Hall,* for appellee.

DEEN, Judge. ■ The Appellate Practice Act of 1965 deals in Section 1 with appealable decisions: in Sections 2-6 with the form of appeal, and Sections 7-9 with supersedeas. Obviously, Sections 7, 8 and 9 were drafted by the legislature in connection with Section 1 as it then stood, and which provided, with exceptions not here applicable, that no judgment was appealable unless it was either final or would have been final if rendered as contended for by the appellant. The language of Section 8 (*Code Ann.* § 6-1002, referring to supersedeas and supersedeas bond) clearly refers only to final judgments, for there is no need for a bond on appeal if the appeal is merely interlocutory. *Code Ann.* § 6-1002 (a) provides in part: "Provided, however, upon motion by appellee, the trial court shall require that supersedeas bond be given with such surety and in such amount as the court may require, *conditioned for the satisfaction of the judgment in full,* together with costs, interest and damages for delay, if for any reason the appeal is dismissed or is found to be frivolous, and to satisfy in full such modification of the judgment and such costs, interest and damages as the appellate court may award. When the *judgment is for the recovery of money* not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole‵amount of the judgment remaining unsatisfied, costs on the appeal, interest and damages for delay. . . When the *judgment determines the disposition of the property* in controversy as in real actions, trover, and actions to foreclose mortgages and other security instruments, or when such property is in the custody of the sheriff or other levying officer or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount

recovered," etc. (Emphasis supplied). The *proviso* is here quoted at length because it is obvious from its context that the word "judgment" refers only to judgments which finally dispose of the case. The fact that in 1968 (Ga. L. 1968, pp. 1072, 1073) *Code Ann.* § 6-701 (a,2) was amended so as to allow interlocutory appeals on a certificate by the trial judge "that such order, decision or judgment is of such importance to the case that immediate review should be had" does not operate to change the meaning of the word "judgment" in *Code Ann.* § 6-1002 (a) because there is no need for a supersedeas bond for payment of costs (or for cash payment of costs) during the interlocutory appeal and prior to the trial of the case. That amendment is intended, in the discretion of the trial court, to permit a determination of preliminary matters which may affect a trial on the merits. Accordingly, when the trial judge certified that his decision to require the defendant to permit the inspection and copying of certain business records by the plaintiff prior to trial was of such importance that immediate review should be had on this narrow point, this constituted a judgment by the trial court that a trial on the merits should await the outcome of appellate court review on this issue. Since *Code Ann.* § 6-1002 refers only to final judgments, it is immaterial that appellant in fact paid the accrued costs, but on the day following the notice of appeal.

■ In passing the order which is the subject of the present appeal, the trial court exceeded its authority in entering a final judgment while the case was on appeal, both because the appeal of the order certified as the subject of *immediate* review was a mere preliminary to the trial, and secondly, because the trial court found the initial refusal of Leonard Brothers to permit the inspection except under court order had substantial justification, since in granting the motion it did not assess attorney fees against it. *Code Ann.* § 81A-137 (a) provides in part: "If the motion is granted *and* if the court finds that the refusal was without substantial justification the court *shall* require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees." Thus, failure to award expenses is

tantamount to a finding of reasonable justification in refusing to act except under court order. Under these circumstances the court should not enter up final judgment pending a review of his decision by the appellate court which he has expressly authorized. There are a number of alternative methods for enforcement of *Code Ann.* § 81A-137 stated therein. It is pointed out in *Smith v. Mullinax,* 122 Ga. App. 833 (178 SE2d 909), that *Code Ann.* § 81A-137 (b) (2) (iii), unlike the other subsections of the rule, provides only for the harsh sanctions of dismissal, default, or the striking of pleadings, and, if the failure is not wilful, this sanction has no application.

It was an abuse of discretion, after certifying the interlocutory order here involved for appeal prior to trial, to enter up final judgment as a sanction and penalty for prosecuting the very appeal so authorized, rather than awaiting the result of the appellate decision before proceeding with the case. Cf. *Hartman v. Brady,* 117 Ga. App. 828 (162 SE2d 246).

*Judgment reversed. Bell, C. J., Jordan, P. J., Hall, P. J., and Eberhardt, J., concur. Pannell, Quillian, Whitman and Evans, JJ., dissent.*

PANNELL, Judge, dissenting. Crymes Transports, Inc., brought an action against Leonard Brothers Trucking Company, Inc., seeking recovery of fees for transportation services furnished by the plaintiff to the defendant. The plaintiff made a motion under Section 34 of the Civil Practice Act (*Code Ann.* § 81A-134 (a)) to compel the production of certain documents in the possession of the defendant for inspection and use upon the trial. After a hearing had thereon the trial court found that good cause was shown for the production of the documents and by order entered July 20, 1970, ordered the production of the documents not later than August 20, 1970, and on July 27, 1970, the trial court certified this order for immediate review and the defendant appellant filed its notice of appeal on August 3, 1970, and on August 5, 1970, this appeal was docketed in this court as case number 45691 for the October, 1970 call of the Third Division of this court at that time composed of Presiding Judge Hall, Judge Deen and Judge Evans. On August 21, the plaintiff appellee presented a motion to the trial judge for sanctions to be imposed upon the refusal of the

defendant appellant to comply with the order to produce, the order to produce of July 20, 1970 not having been superseded on appeal by the payment of costs as provided in Paragraph (a) of Section 8 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 22; *Code Ann.* § 6-1002 (a)). The hearing on this motion was set for August 24, 1970, at which time, and after hearing, the trial judge ordered sanctions and entered judgment for the plaintiff for the full amount sued for and attorney's fees under Section 37 (b) (2) of the Civil Practice Act (Ga. L. 1966, pp. 609, 650 as amended). On August 25, the defendant (in case number 45691, the appeal from the order of July 20) filed what it denominated "a motion for supersedeas" reciting what had transpired and asking that this court "issue a supersedeas order directing that the lower court and the plaintiff-appellee . . . be restrained and prevented from enforcing the order and judgment of the lower court dated August 24, 1970, and the order of July 20, 1970, until this appeal is decided and until further order of the court on the grounds that (a) justice requires that the trial court be prevented from mooting the jurisdiction of this court to review the order of July 20, 1970, and (b) that the defendant-appellant can secure relief nowhere else but in this court and (c) that the order and judgment of August 24, 1970, was illegally entered by the lower court and irreparable injury to defendant-appellant was the result from the arbitrary attempt to deny the defendant-appellant its constitutional right of review which, ironically, the lower court granted and now seeks to take away." On the same day that this motion was filed in this court the appellant paid the court costs in the lower court. On August 26, 1970, this court entered the following order in case number 45691: "It appearing that a notice of appeal from a judgment of the trial court, of July 20, 1970, in this case was filed and that a certificate of immediate review was signed by the trial judge;

"And it further appearing that such a notice of appeal, under the provisions of Georgia Laws 1965, pp. 18, 22; and under a judicial statement appearing on the minutes of this Court of March 30, 1967, operates as an automatic supersedeas;

"And it further appearing that the trial court entered a further order on August 24, 1970, which would render the current appeal moot;

"It is therefore ordered that the proceedings in the trial court be stayed pending this appeal and that the Civil Court (State Court) of Gwinnett County, the sheriff of said county and all lawful duputies, the clerk of said court, and all the parties thereto desist from carrying out the said judgment of August 24, 1970." The minutes of March 30, 1967, referred to in the order is as follows: "On motion made by Judge Hall the following was passed unanimously: It is the opinion of all nine judges of this court sitting en banc that the filing of a notice of appeal in a non-criminal case automatically operates as a supersedeas, upon payment of all costs in the trial court by the appellant. Section 8, Appellate Practice Act of 1965. This order effective February 9, 1967." On September 4 a motion was filed in case number 45691 to vacate this order of August 26, 1970. On September 22, 1970, a notice of appeal from the order imposing sanctions and the order entering judgment was entered in the lower court and this appeal was, on September 25, 1970, docketed in this court as case number 45795 on the January, 1971, calendar before the First Division composed of Chief Judge Bell, Judge Deen, and Judge Pannell as then constituted. Case number 45691, before Division 3 of this court, has been written by Judge Deen and agreed to by the other judges on that division and as written affirms the trial judge in requiring the production of the documents, but makes no ruling on the motion to vacate the August 26 order of this court. *Leonard Bros. Trucking Co. v. Crymes Transports*, 123 Ga. App. 424 (181 SE2d 296).

Appellant contends the trial court in its order of August 24, 1970, erred in imposing the sanctions and rendering judgment accordingly on the ground that the order of July 20, 1970, requiring the production of documents was superseded at the time the order of sanctions and judgment was rendered, that is, on August 24, 1970. Appellant relies on *Hartman v. Brady*, 117 Ga. App. 828 (162 SE2d 246) and his contention that this court in its order of August 26, 1970, granted a supersedeas of the order of July 20, 1970, requiring the production of papers.

1. We agree with the majority ruling to the extent that Sections 7, 8 and 9 of the Appellate Practice Act of 1965 do not apply to the type of judgment or order appealed from in case number 45691, that being an order requiring the production of documents

for inspection and use on the trial by the plaintiff appellee, but we do not agree that the sections apply to all rulings, judgments and orders which were the subject matter of appeal at the time they were adopted. See in this connection *Lester v. Wright,* 145 Ga. 15 (1) (88 SE 403), involving an appeal from an interlocutory decree in an equity case, and *Massachusetts Bonding &c. Co. v. Realty Trust Co.,* 139 Ga. 180, 188 (77 SE 86), involving an appeal from the overruling of demurrers to a petition by one of several defendants. Interlocutory appeals are nothing new under the system of appellate practice in this State. The only difference now is that certain types of interlocutory appeals may be had upon proper certificate of a trial judge.

However, the mere fact that the statute does not apply to the judgment appealed from in the present case does not get rid of the problem, either automatically or by judicial edict, as we are bound by the prior decisions of the Supreme Court of this State in answering the question: Did the filing of the notice of appeal, and that alone, operate as a supersedeas of the order of July 20, 1970, requiring the production of the documents, so that the trial judge lost jurisdiction to the extent that he was precluded from entering an order of sanctions, which latter order is on appeal in the present case. Sections 7, 8 and 9 of the present Appellate Practice Act, insofar as here material, is similar and almost identical to the prior law on the question of supersedeas, and under the prior statute it was repeatedly held by the Supreme Court of this State that if supersedeas under the statute is not provided and there is no express order of supersedeas, the mere filing of the notice of appeal (or bill of exceptions) did not act as a supersedeas. *Truluck v. Peeples,* 1 Ga. 1; *Allen, Ball & Co. v. Mayor of Savannah,* 9 Ga. 286; *Irwin v. Jackson,* 34 Ga. 101; *Jackson v. Mayo,* 34 Ga. 105; *Thorpe v. Wray,* 68 Ga. 359, 366; *Perkins v. Rowland,* 69 Ga. 661, 662; *Cummings v. Clegg,* 82 Ga. 763 (9 SE 1042); *Ryan v. Kingsbery,* 88 Ga. 361 (14 SE 596). In *Irwin v. Jackson,* 34 Ga. 101, the Supreme Court of this State decided the identical question presented here and decided it contrary to the ruling of the majority. We quote rather fully from that case as follows: "His Excellency, the Governor, ordered into the field all persons subject to militia duty. Col. Irwin, an officer of the militia, arrested Jackson, in exe-

cution of that order. Jackson, to obtain his discharge, sued out a writ of habeas corpus before Judge Hook, on the ground, that he was not liable to serve in the militia. On the return of that writ, Judge Hook decided against his application for discharge, and remanded him; and he excepted. His bill of exceptions, after being signed and certified by the presiding judge, was filed in the clerk's office. After this, he remained at home unmolested, until the Governor issued another order, directing specially, that men who had sued out writs of habeas corpus, and had been on the return thereof adjudged subject to duty, should be sent to the front. Under both this and the preceding order, and while the bill of exceptions in the former case was pending in the Supreme Court, Col. Irwin arrested Jackson again. The latter now sued out before Judge Hook, a second writ of habeas corpus, claiming his discharge on the ground, that the first writ was yet pending in the Supreme Court on the bill of exceptions. Judge Hook, at the hearing of the second writ, passed an order of discharge; holding that when the judgment on the first writ was rendered, Jackson was in the custody of the law, and not in that of the militia officer; that the bill of exceptions, when signed and filed, superseded that judgment, leaving Jackson still in the custody of the law; and that this was yet his proper status, and would be during the pendency of the bill of exceptions in the Supreme Court.

"Col. Irwin excepted to this decision, and brought it here for review.

"LYON, J.

"The only question made by this record, is whether the signing and certifying a bill of exceptions to this court, upon the judgments of the superior court, in habeas corpus trials, operate as a supersedeas—so as to continue the applicant discharged from the arrest or custody of which he complains, until the hearing and adjudication of the case before this Court, in those cases where the relator is remanded by the judgment of the court below, back into custody.

"*We are clear that the bill of exceptions, in these cases, does not operate as a supersedeas. It can only have that operation in those cases, and in the manner provided for especially by the statute.* (Emphasis supplied).

" 'The bill of exceptions thus filed, shall operate as a supersedeas upon the plaintiff in error complying with the following terms: In a civil cause, the party shall, on or before filing the bill of exceptions, pay all costs, and by himself, his agent or attorney in fact or at law, give bond with good security, payable to the opposite party, and conditioned for the payment of the eventual condemnation money and all subsequent costs, which bond shall be attested and approved by the said clerk. Or he may file an affidavit with the said clerk, stating that he is unable, from his poverty, to pay the costs and give the security for the eventual condemnation money, and that his counsel has advised him that he has good cause for a writ of error, which affidavit shall operate as if the costs were paid and bond given. In a criminal cause, where the offense is bailable, the defendant shall enter into a recognizance before the said clerk, with security to be approved by him, in a sum to be fixed by the presiding Judge, conditioned for the personal appearance of such defendant, to abide the final order, judgment or sentence of said court. If the offense is not bailable, the Judge shall order a supersedeas at the time of filing the bill of exceptions. If the party is unable, from his poverty, to give the recognizance, the judge shall order a supersedeas upon the filing of an affidavit, as provided in civil cases; but the defendant shall not be set at liberty without the recognizance.'

"These are the only cases in which the bill of exceptions operates as a supersedeas. In civil cases, where the costs are paid and a bond with security given for the eventual condemnation money; and in criminal cases where the offense is bailable, upon like terms, except that the bond is given for a sum fixed by the judge, and when not bailable, by the order of the judge; and when the party can not give the bond from his poverty, then the Judge orders the supersedeas, but the defendant is not set at liberty.

"This case does not fall within any of these provisions. It is a civil proceeding, but there is no eventual condemnation money, and no bond can be given to protect it. It is not a criminal cause, yet the personal presence of the party suing out the writ is required, and must be secured, before he is discharged upon the filing of the bill of exceptions, else injustice may be done to the service by the loss of a soldier. No bond is authorized to be given

so as to compel his attendance to abide the final order, judgment, or sentence of the court, and yet that attendance is necessary; nor could the court require a bond to be given, for there is no one authorized to collect or to recover the money in case of its forfeiture; besides, money would not compensate the loss to the service of the soldier. *The case is not provided for by the letter of the statute, and by the enumeration of the particular cases in which a supersedeas is allowed, all others are excluded; nor is the case within the spirit of the law, for the reasons I have already given.* (Emphasis supplied).

"Until the Legislature thinks proper to supply this omission, the condition of an applicant must remain as it is placed by the judgment of the court below, on the merits of the question. If the custody is declared to be a legal one, he must be continued in that condition, or if it be declared illegal, he must be discharged; notwithstanding a bill of exceptions be filed in either event." See also *Jackson v. Mayo,* 34 Ga. 105, holding the same. We know of no case ruling to the contrary.

The majority, by inference, seemingly hold that the certification for review by the trial judge is tantamount to an order of supersedeas by the trial judge. Actually, the certification for review by the trial judge, signed before a notice of appeal is filed, is nothing more nor less than permission to appeal the ruling complained of and cannot be said to amount to an order *ordering* the appeal of the case. In this connection, it may be well to point out that when the case cited above was decided, and when the case of *Truluck v. Peeples,* 1 Ga. 1, was decided, the Supreme Court followed the practice, upon receipt of the bill of exceptions from the lower court, of issuing its writ of error requiring that the record of the proceedings in the lower court be sent up so that "being inspected, the said court may cause further to be done therein to correct that error, what of right and according to law should be done." See 1 Ga., p. xvii, Rule XXIV. If this writ of error by the Supreme Court did not constitute a supersedeas, how can it logically or sensibly be said that a certification by the trial judge can operate, or be treated as, a supersedeas. It was not until 1855 that the issuance of a writ of error by the Supreme Court was abolished. See Ga. L. 1855-6, pp. 199, 200 (Code of 1933, § 6-807). This Act so far

as here material reads as follows: "The certificate of the judge to the bill of exceptions shall be the writ of error." Subsequent to that Act, it was consistently held that the mere filing of the bill of exceptions (which constituted the writ of error) did not operate as a supersedeas, although it was a writ of error issued by the trial judge. See *Thorpe v. Wray,* 68 Ga. 359, 366; *Perkins v. Rowland,* 69 Ga. 661, 662; *Cummings v. Clegg,* 82 Ga. 763, supra. It is only in cases of appeals from an inferior tribunal to the superior court, which appeals are *de novo* proceedings that the appeal acts as an automatic supersedeas. See in this connection *Fite v. Black,* 85 Ga. 413 (11 SE 782).

Where there is no supersedeas, the opposite party may proceed to enforce the judgment complained of, but he does so at his peril. *Ennis v. Ennis,* 207 Ga. 665, 671 (63 SE2d 887); *Truluck v. Peeples,* 1 Ga. 1 (5), supra; and "the presiding judge, in the excercise of his sound discretion, could have delayed further proceedings until the decision of this court was rendered, or he could have caused the case to proceed, subject to such results as might follow from the decision which this court might render on the exception to" the order requiring the production of documents. *Massachusetts Bonding &c. Co. v. Realty Trust Co.,* 139 Ga. 180 (2), supra. In other words, if we had reversed the trial judge in ordering the production of the documents, instead of affirming him (*Leonard Bros. Trucking Co. v. Crymes Transports,* 123 Ga. 424, supra) the rendering of the judgment of sanctions and a final judgment against the defendant in the case would have been nugatory.

We might add also that the order of August 26 *was not an order granting a supersedeas from the judgment of July 20, 1970.* On the contrary, it was solely an order granting a stay as to the order granting sanctions and judgment for the plaintiff which was appealed from in the present case, number 45795, and was itself erroneously granted and should have been vacated. This for the reason that the carrying out of the sanctions order and judgment for plaintiff would have not made moot the appeal from the order of July 20 in case number 45691. *Ennis v. Ennis,* 207 Ga. 665, 671, supra; *Richmond & Danville R. Co. v. Buice,* 88 Ga. 180 (1) (14 SE 205); *Hudson v. Alford,* 118 Ga. 669 (45 SE 454); *Toole v. Davis,* 13 Ga. App. 122 (78 SE 865). The order of this court of

August 26, 1970, merely stated that the notice of appeal from the order requiring the production of documents acted as an automatic supersedeas in accordance with the minutes of this court referred to. Both the statute, and the minutes of this court referred to, require the payment of costs before a supersedeas occurs, and by referring thereto it conditioned the supersedeas upon the payment of court costs, which were paid the day before this order was rendered. By no stretch of the imagination can this order be construed as holding that the filing of the notice of appeal on August 3, 1970, *at that time,* operated as a supersedeas of the order requiring the production of the documents. Should we assume that this order established the law of the case, that Sections 7, 8 and 9 of the Appellate Practice Act applied to a judgment requiring the production of documents, this would be no aid to the appellant as the court costs were not paid until after the order of sanctions and final judgment against the appellant. In the case of *Hartman v. Brady,* 117 Ga. App. 828, supra (an appeal from the overruling of demurrers), this court on motion for rehearing said: "Moreover, the Appellate Practice Act, *Code Ann.* § 6-1002, provides that an appeal acts as a supersedeas, so it would seem that any further action in the case by the trial court would be void until the remittitur from this court is returned to the trial court, at which time jurisdiction of the case passes again to the trial court." While no specific mention was made in this case as to the requirement that court costs be paid under the statute or as to the non-requirement of payment of court costs, if any, the case should not be construed as holding contrary to the statute. However, this is immaterial here, as both the majority and the dissenters agree that the statute applied in that case has no application here.

2. What is said in Division 1 of this dissent constitutes a complete answer to that portion of the ruling in Division 2 stating that the trial judge exceeded his authority in entering a final judgment while the case was on appeal because the appeal of the order certified was a mere preliminary to the trial. Only one other reason is given for the reversal of the trial judge in his imposition of sanctions. It is based upon an assumption that the order requiring the production of documents was granted pursuant to a motion made under Section 37 of the Civil Practice Act (*Code Ann.*

§ 81A-137) and that, since in granting the motion to produce, the trial judge did not assess attorney's fees, he, in effect, held that the appellants had substantial justification for refusing to produce the documents. and that when they later refused to produce them under the order then rendered, that such refusal could not have been wilful and wanton. We fail to see the logic of such argument, that is, that the refusal to produce before an order of the court with substantial justification prevents the refusal to produce *after* an order of the court from being wilful. However, even should this argument be valid, the premise upon which it is based is incorrect. There was no notice to produce in this case, and a refusal to comply and a subsequent motion under Section 37 to require production. Instead, the record fails to disclose there was any notice to produce prior to the motion to require production. The motion to require production was made under Section 34 of the Civil Practice Act (*Code Ann.* § 81A-134) which contains no provision (as contained in Section 37) that if the court finds the refusal was without substantial justification, the court shall assess attorney's fees against the refusing party. In either event, the trial court, upon the hearing of the motion for sanctions in the present case, was not precluded by any prior order from imposing the sanctions requested.

The record and transcript disclosing no reasons why the appellant refused to comply with the order requiring the production of documents in its possession, which was the sole evidence upon which plaintifff could prove its case, other than its contention on appeal here that such order was superseded by the filing of the appeal therefrom, we cannot say that the trial court erred or abused his discretion in granting the sanction and entering a judgment for the plaintiff appellee for the amount sued for. As in *Lester v. Wright,* 145 Ga. 15 (2a), supra, the appellant here "did not rest [its] contention on the invoking of the exercise of any discretionary power of the court, whose judgment was complained of, to supersede the [order] or to delay its enforcement in the nature of a supersedeas or stay, but contended that a supersedeas resulted by operation of law upon the filing of the bill of exceptions" under Sections 7, 8 and 9 of the Appellate Practice Act. The Supreme Court of this State in the cited cases refused a writ of pro-

hibition. Under these circumstances, the majority here, in effect, grant one posthumously. With this we cannot agree. We find nothing in this record which discloses in any way that the trial judge abused his discretion in imposing sanctions or that he was not amply authorized to find that the refusal to comply with the order of July 20, 1970, was wilful.

I am authorized to state that Judges Quillian, Whitman and Evans concur in this dissent.