## 29439. TURNER et al. v. HARPER.

HALL, Justice.

The defendants appeal the denial of their motion to set aside a summary judgment on the ground that it was entered while an interlocutory order was pending on appeal in this court.

The history of the case is as follows: A motion to dismiss the petition seeking specific performance of a contract was overruled on March 15, 1973; the trial judge certified the question for review and the defendants appealed the order to the Court of Appeals. It was transferred to this Court and the appeal was dismissed on October 4, 1973. See *Turner v. Harper,* 231 Ga. 175 (200 SE2d 748). During the pendency of that appeal, the trial court granted plaintiff's motion for summary judgment. This judgment was filed on May 7, 1973. The defendants' motion to set aside the summary judgment was filed September 11, 1974 and denied on September 25, 1974.

The general rule on supersedeas in civil cases[1] is that a properly filed notice of appeal serves "as supersedeas, upon payment of all costs in the trial court by the appellant. . ." Code Ann. § 6-1002. This automatic supersedeas deprives the trial court of jurisdiction to modify or alter the judgment in the case pending the

---

[1]See also Code §§ 55-202 and 24-2616 (1).

appeal. *Jackson v. Martin,* 225 Ga. 170 (167 SE2d 135). However, this provision is only applicable to appeals from final judgments. Where an interlocutory appeal is certified for review in the appellate court, the trial court retains jurisdiction with discretionary power to proceed with the trial or enter any other order in the case pending the appeal. See *Massachusetts Bonding &c. Co., v. Realty Trust Co.,* 139 Ga. 180, 186 (77 SE 86); *Young v. Reese,* 119 Ga. App. 179 (166 SE2d 420). If an appellant wishes a supersedeas on an interlocutory appeal, he should seek one from the trial court under Code § 24-2616 (1) or from the appellate court under its inherent power to grant supersedeas in such manner as it may determine to meet the ends of justice. Anything to the contrary in *Leonard Bros. Trucking Co. v. Crymes Transports, Inc.,* 124 Ga. App. 341 (183 SE2d 773) and *Hartman v. Brady,* 117 Ga. App. 828 (162 SE2d 246) is overruled.

There being no supersedeas in the previous appeal (231 Ga. 175), the trial court had jurisdiction to enter a summary judgment pending that appeal.

While the defendants argue several other grounds in their brief, they were not raised in the trial court and are therefore not reviewable in this appeal.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents. Hill, J., not participating.*

SUBMITTED DECEMBER 9, 1974 — DECIDED JANUARY 7, 1975 — REHEARING DENIED JANUARY 22, 1975.

*H. Thad Crawley, Byrd, Groover & Buford, Garland T. Byrd,* for appellants.

*Richard T. Bridges,* for appellee.