61489. IMPERIAL BODY WORKS, INC. v. NATIONAL CLAIMS SERVICE, INC. et al.

McMurray, Presiding Judge.

Plaintiffs, National Claims Service, Inc., and Lloyds of London Insurance Company (Lloyds of London), brought this action in trover against defendant Imperial Body Works, Inc., alleging that defendant was wrongfully in possession of a certain tractor-truck of which plaintiff, Lloyds of London, was the true and lawful owner pursuant to a bill of sale indicating that plaintiff Lloyds of London

had purchased the vehicle from its registered owner under a certificate of title issued by the State of Nebraska. Plaintiffs sought to recover damages and the tractor-truck and further prayed that the court issue an interlocutory injunction restraining defendant from transferring or otherwise disposing of the vehicle pending the outcome of the litigation. Following the issuance of a temporary restraining order, plaintiffs applied for an interlocutory injunction, and the court granted the same.

The case then proceeded to trial before a jury which returned a special verdict upon which judgment was entered as follows: (1) that plaintiffs hold legal title to the vehicle, (2) that plaintiffs recover $9,250 plus interest from defendant, (3) that possession be awarded defendant as compensation for repairs performed by defendant and the consequent value added to the vehicle, (4) that legal title to the vehicle remain in plaintiffs until the judgment be fully satisfied, (5) that plaintiffs have a first lien on the vehicle to the exclusion of all other claims, and (6) that the interlocutory injunction previously issued by the court remain in full force and effect until the judgment be fully satisfied.

Defendant timely filed motions for a new trial and for judgment notwithstanding the verdict. Pending a hearing on said motions, plaintiffs filed a motion to dismiss defendant's said post-trial motions on the grounds that during the period intervening defendant had voluntarily satisfied the judgment, thereby rendering moot the issues presented by defendant's motions. From a trial court order granting plaintiffs' motion to dismiss and denying the motions, defendant appeals. *Held:*

1. Because of the pre-trial temporary restraining order and interlocutory injunction issued by the court, and continued in its final judgment, and because of the sundry enumerations of error relating to the grant of the same, this case was transferred by order to the Supreme Court of Georgia. However, the case has since been returned to this court by order without opinion. We therefore deem that the case is now exclusively before this court for review. Nevertheless, this court being without equity jurisdiction, we do not pass upon those enumerations of error relating to the equitable features of the case. Moreover, by the action of the Supreme Court those enumerations must be considered to be without merit. See *Denton v. State,* 154 Ga. App. 427, 428 (2) (268 SE2d 725); *Bearden v. Citizens Bank,* 141 Ga. App. 356, 357 (233 SE2d 441); *Rumph v. Rister,* 92 Ga. App. 29, 33 (2) (87 SE2d 447); *Stone v. Edwards,* 32 Ga. App. 479 (1) (124 SE 54).

2. In support of plaintiffs' motion to dismiss defendant's post-trial motions, plaintiffs submitted the affidavit of their counsel

to the effect that approximately one month after the trial court's entry of judgment and over three weeks after the filing of defendant's post-trial motions, counsel for defendant appeared at the office of counsel for plaintiffs and presented a check for $9,303.96 stating "that the check was for satisfaction of the Judgment entered" and further presented plaintiffs' counsel "with a pleading styled in the above-referenced civil action entitled 'Receipt in Satisfaction of Judgment,' which . . . [plaintiffs' counsel] . . . duly executed." Additionally, plaintiffs' counsel attested that "[w]ith the exception of interest at the legal rate on the aforesaid Judgment . . . [for a specified period] . . . said payment constituted full satisfaction of the aforesaid Judgment," and that counsel for defendant "indicated he would forward to . . . [plaintiffs' counsel] . . . the aforesaid interest payment." Defendant tendered no evidence to contradict this factual account, but defended the payment as being voluntary because of the injunction granted.

It is well settled in this state that the voluntary payment of the judgment by an appellant renders moot the issues sought to be determined on appeal. *Keener v. King Hardware,* 215 Ga. 577 (111 SE2d 215); *Leverette v. Kilpatrick,* 29 Ga. App. 333 (115 SE 34); *Drury v. Cameron & Barclay Co.,* 25 Ga. App. 15 (102 SE 373). However, citing *Richmond & Danville R. Co. v. Buice,* 88 Ga. 180 (14 SE 205); *Hudson v. Alford,* 118 Ga. 669 (45 SE 454); *Toole v. Davis,* 13 Ga. App. 122 (78 SE 865); *Lyle v. Prade,* 20 Ga. App. 374 (93 SE 20), defendant argues that its payment of the judgment rendered herein was involuntary and hence does not render this appeal moot.

Defendant's reliance upon the above cited authority is misplaced, however. In each of those cases, there being no supersedeas, the losing party paid the amount of the judgment pursuant to a fi. fa. or a writ of execution upon the judgment. In the case sub judice, however, defendant was insulated from execution on the instant judgment by the automatic supersedeas flowing from defendant's filing of its post-trial motions (motion for new trial and motion for judgment notwithstanding the verdict). Code Ann. § 81A-162 (b) (CPA § 62; Ga. L. 1966, pp. 609, 664; 1967, pp. 226, 239, 240; 1970, pp. 550, 551; 1972, pp. 689, 697; 1973, p. 693). In light of such protection, defendant can hardly liken the case sub judice to those it relies upon.

Defendant continues, however, that the trial court's maintenance of its order enjoining defendant from transferring the vehicle until full satisfaction of the money judgment inherently coerced such payment, given the substantial sum that defendant had invested in the vehicle to put it in marketable condition (an amount far in excess of the judgment rendered herein) and given defendant's

desire to sell the vehicle as soon as possible so as to recover that sum. As such, it is argued that defendant's payment of the judgment was involuntary and did not moot this appeal. Defendant has cited no authority supporting this conclusion, however, and we find ourselves unconvinced by the argument. We are particularly unconvinced in the face of the present record which reveals no effort by defendant after the entry of judgment herein to "escape" this alleged coercion. Defendant could have sought to dissolve the court's continuing injunction upon posting a bond with good security or upon paying the amount of the judgment into the registry of the court. Instead, it did neither and simply chose to pay off the judgment so as to secure title and transfer the vehicle.

Other cases cited by defendant are equally inapposite. In *City of Gainesville v. Loggins,* 224 Ga. 114 (160 SE2d 374), the Supreme Court held that the rule of voluntary payment did not apply when the law at that time required that a condemnor pay a condemnee before the condemnor accrued any right of appeal. In *Robertson v. Temple,* 207 Ga. 311 (61 SE2d 285), the court simply refused to find that a constitutional attack on certain election statutes was rendered moot by the passage of the time set for the elections since the same statutes would govern future elections as well. Finally, in *Morris v. Atlanta N. R. Co.,* 160 Ga. 775 (129 SE 68), a railroad's resumption of service on a trial basis was held not to moot an earlier filed lawsuit seeking permanently to enjoin the railroad from discontinuing service since the railroad's resumption of service was with the express reservation that it could discontinue service again at a future date. Contrariwise, in the present case, we find neither the questions of social policy underlying *City of Gainesville v. Loggins,* 224 Ga. 114, supra, and *Robertson v. Temple,* 207 Ga. 311, supra, nor the likelihood of repeated circumstances giving rise to similar disputes as in *Robertson v. Temple,* 207 Ga. 311, supra, and *Morris v. Atlanta N. R. Co.,* 160 Ga. 775, supra.

Accordingly, "[i]t being made to appear to this court that the judgment and execution upon which this action is founded have been fully paid and satisfied, there is no question for decision by this court ..." *Claxton Hdw. Co. v. Odum,* 33 Ga. App. 118 (125 SE 382). The trial court did not err in granting the plaintiffs' motion to dismiss the defendant's motions for new trial and for judgment notwithstanding the verdict and in denying defendant's said motions as any further appeal was moot.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

Decided April 8, 1981

*Daniel L. Britt, Jr.,* for appellant.
*Henry E. Scrudder, Jr., J. Wayne Pierce,* for appellees.